# MAY, 1928

---

Max Stein v. George Hamman et al.

No. 4812. Decided May 23, 1928.

(6 S. W., 2d Series, 352. 9 S. W., 2d Series, 1104.)

*Stevens & Stevens* and *C. L. Dutton* (*C. F. Stevens,* of counsel), for appellant.

Collateral security is in law simply a pledge, but a pledge does not interrupt the running of the Statutes of Limitation on the original debt. The rule of law which should govern in this case is that announced in the case of Stacey v. Parker, 132 S. W., 532, adhering to the rule announced by the Supreme Court of the United States in the case of Shepherd v. Thompson, 122 U. S., 232, 30 L. Ed. 1156.

In some jurisdictions it is held that the assignment of a paper or negotiable instrument as collateral is but a pledge and amounts in law to a payment on the original debt. In jurisdictions where the payment upon a debt is held to renew the obligation, the placing of collateral is so construed. A payment upon a debt in Texas does not renew the same.

Upon the question as to the identification of the debts, that the instrument involved does not in any manner, by reference to extrinsic facts, circumstances or transactions, indicate what particular overdrafts were intended to be covered by the instrument, for the reason that the proof showed that there were three distinct sets of overdrafts. The writing should be so reasonably definite and certain within itself, or by other writing referred to, that the contract can be made out as to parties, consideration and subject matter without resorting to parol evidence. In this regard we cite the cases of Johnson v. Granger, 61 Texas, 42; Bullock v. Smith, 72 Texas, 545; Penn v. Texas Yellow Pine Lumber Co., 79 S. W., 842.

The cases of Goldfrank, Frank & Co. v. Young, 64 Texas, 432, and Hudson v. Wilkinson, 61 Texas, 606, appear to have been followed in the case of Tombler v. Palestine Ice Co., 43 S. W., 896. It was there held that the endorsement of the note of another as collateral security, in order to secure a debt, would not interrupt the running of the Statute of Limitation against the original debt, but

that the pledgee could enforce the payment of his debt through the sale of the property.

*Pearson & Pearson,* for appellees.

The decision in Meuseback v. Half Brothers reported in 77 Texas, page 185 and cited by Plaintiff in Error can not serve as authority in this case, because of the use by Judge Stayton therein of language showing clearly that the assignment therein referred to was not construed and did not enter into the decision of the case.

Neither the case of Stacey v. Parker, 132 S. W., 532, nor Shepherd v. Thompson, 122 U. S., 232 decides that a transfer of property as collateral security could not serve to remove the bar if same contained language meeting the requirements of the law in that respect. We think that both cases recognize the principle contended for by defendants in error, that is, that if the writing signed by Max Stein contained words which recognize the existence or the justness of the debt that it is sufficient to stop limitation.

There is abundant authority for holding that any writing signed by a debtor which, by its language, clearly acknowledges a debt against himself, barred by limitation, to be a subsisting debt, implies a promise on the part of the debtor to pay the same, and is sufficient to take the same out of the operation of the statute of limitation. Cotulla v. Urbahn, 135 S. W., 1162; Webber v. Cochrane, 4 Texas, 34; Windom v. Howard, 26 S. W., 484; Hall v. Elwood, 79 S. W., 829; Acers v. Acers, 56 S. W., 196; Martin v. Somervell, 52 S. W., 557; McDonald v. Ayres, 269 S. W., 1105; Grayson v. Taylor, 14 Texas, 672; Gray v. Powell, 282 S. W., 632; Big Diamond Milling Co. v. Chicago, 171 N. W., 799.

MR. JUDGE SPEER delivered the opinion of the Commission of Appeals, Section B.

Max Stein was indebted to J. H. P. Davis & Company, bankers, in the sum of $46,229.00 due upon certain overdrafts with that company, which overdrafts as such were barred by the statutes of limitations. He delivered to the company a certain promissory note executed by C. H. Brown payable to himself in the sum of $235.00, upon which there was a credit, and at the time endorsed on the Brown note and signed such endorsement, the following: "As collateral to secure my overdrafts to J. H. P. Davis & Company." The company sued Stein upon the endorsement as a new promise, and the plea of limitation interposed by the defendant raises the question

certified to us whether or not the endorsement when considered with the parol evidence identifying the overdrafts referred to was sufficient acknowledgment to support an implied promise of defendant to pay the debt.

The trial court held that it was and the Court of Civil Appeals wrote an opinion affirming that judgment and later certified the question to the Supreme Court.

We have examined the opinion written by Justice Lane and are of the opinion it announces a correct conclusion based upon proper reasoning.

It is well settled that a statement in writing signed by the party sought to be charged which clearly acknowledges the existence of a debt against him carries with it an implied promise to pay the same.

Counsel for appellant has urged, both in his brief and in oral argument at the submission, that the transaction is no more than a pledge of the Brown note and that being in legal effect only a pledge, it is no more than a payment and therefore will not support an implied promise to pay, and cites authorities to support the general proposition thus urged.

It is true a mere pledge within itself can not meet the requirements of the statute for precisely the same reason that a mere payment will not renew the debt, but to hold with appellant in this case is to confuse the principles underlying the question. It must be conceded that mere payment or pledge, as such, will not arrest the statute, but if there be a writing duly signed accompanying the payment or pledge which meets the requirement of the statute as to renewal a different question arises. A payment accompanied by the written acknowledgment and promise to pay required by law will defeat the plea against the original promise, and likewise a sufficient writing accompanying a pledge will have the same effect. It is well settled that a mortgage given to secure a barred debt removes the bar or rather renews the debt; (Gray v. Powell [Tex. Civ. App.] 282 S. W., 631 [writ of error refused]) and this upon the ground that the mortgage recognizes the existence of the debt and expressly or impliedly promises payment. A pledge is no different in this respect (the only difference being as to the matter of possession), and where the pledge is accompanied by a sufficient writing, the statute of renewal has been met. Now, the writing signed by appellant expressly recognizes his indebtedness to the bank for his overdrafts. The existence of the indebtedness being thus recognized, in the absence of anything to the contrary in the writing, the law im-

plies a promise to pay the same precisely as a written mortgage to secure a debt carries with it such implication. In truth it can make no difference where the writing occurs if it meets the requirements of the statute and is sufficiently specific as to the debt renewed. Such writing may be given for the express purpose or it may be contained in a letter, deed or other instrument whatsoever. There is no reason why a written transfer of collateral, if otherwise sufficient, should not meet the requirements of the statute. This is not a mere casual writing, but one which identifies (or uses language from which identification may be had) the debts secured and is in our opinion sufficient to support the judgment of the trial court as tentatively affirmed by the Court of Civil Appeals.

We therefore recommend that the question certified be answered in the affirmative.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.

### ON MOTION FOR REHEARING.

A motion of appellant in the Supreme Court for rehearing was referred by it to the Commission of Appeals, Section B, for their opinion thereon, and was overruled by the court on Nov. 1, 1928, in accordance with their recommendation as contained in the opinion following:

Mr. Judge SPEER delivered the opinion of the commission.

Appellant has presented his motion for a rehearing accompanied by an able argument of counsel, stressing the point that we erred in indulging an implication of a promise to pay the barred debt, since there was, in evidence, an express refusal upon his part to renew the indebtedness.

In the first place, it will be seen the statute (Rev. Civ. Stat. art. 5539) only requires an acknowledgment of the justness of the claim to take the case out of the operation of the law, and, where there is such written acknowledgment, the law implies a promise to pay, and the legal effect of the acknowledgment is to renew the barred debt. It is not a matter of inference of intention at all; but we need not discuss this matter. The motion for rehearing must be overruled at all events, because the evidence, showing that appellant expressly refused to renew the indebtedness, was offered by the appellees, and was admitted over the objections of appellant, as to which appellant complained in the Court of Civil Appeals. The

Court of Civil Appeals, as shown in its certificate, overruled the assignment, and held the evidence to have been properly admitted and considered upon the sole issue of identifying the overdrafts referred to in the indorsement. The matter is before us upon certified question; the sole question presented being whether or not the indorsement, when considered with the parol evidence identifying the overdrafts referred to, was sufficient acknowledgment to support an implied promise of defendant to pay the debt. We have answered that it was. The question of whether or not the Court of Civil Appeals erred in thus limiting the effect of the oral testimony is not in any way before us. The appellant is in the attitude of having objected strenuously to the consideration of the testimony for any purpose, and he is now insisting that it should be considered to destroy the effect of what would otherwise be a valid new promise, taking the case out of the bar of limitations. We are not intimating that the holding of the Court of Civil Appeals, with respect to the admissibility of the oral testimony, is wrong. We are merely making clear that the point relied upon, for a rehearing, is not before us. We recommend that the motion for rehearing be overruled.