**STEIN v. HAMMAN et al.   (Mo. No. 8138.)**

Commission of Appeals of Texas, Section B.
Nov. 1, 1928.

Stevens & Stevens, of Houston, and C. L. Dutton, of Richmond, for plaintiff in error.

D. R. Peareson and Peareson & Peareson, all of Richmond, for defendants in error.

SPEER, J. Appellant has presented his motion for a rehearing accompanied by an able argument of counsel, stressing the point that we erred in indulging an implication of a promise to pay the barred debt, since there was, in evidence, an express refusal upon his part to renew the indebtedness.

In the first place, it will be seen the statute (Rev. Civ. Stat. art. 5539) only requires an acknowledgment of the justness of the claim to take the case out of the operation of the law, and, where there is such written acknowledgment, the law implies a promise to pay, and the legal effect of the acknowledgment is to renew the barred debt. It is not a matter of inference of intention at all; but we need not discuss this matter. The motion for rehearing must be overruled at all events, because the evidence, showing that appellant expressly refused to renew the indebtedness, was offered by the appellees, and was admitted over the objections of appellant, as to which appellant complained in the Court of Civil Appeals. The Court of Civil Appeals, as shown in its certificate, overruled the assignment, and held the evidence to have been properly admitted and considered upon the sole issue of identifying the overdrafts referred to in the indorsement. The matter is before us upon certified question; the sole question presented being whether or not the indorsement, when considered with the parol evidence identifying the overdrafts referred to, was sufficient acknowledgment to support an implied promise of defendant to pay the debt. We have answered that it was. The question of whether or not the Court of Civil Appeals erred in thus limiting the effect of the oral testimony is not in any way before us. The appellant is in the attitude of having objected strenuously to the consideration of the testimony for any purpose, and he is now insisting that it should be considered to destroy the effect of what would otherwise be a valid new promise, taking the case out of the bar of limitations. We are not intimating that the holding of the Court of Civil Appeals, with respect to the admissibility of the oral testimony, is wrong. We are merely making clear that the point relied upon, for a rehearing, is not before us. We recommend that the motion for rehearing be overruled.