## SULLIVAN v. BLACK, SIVALLS & BRYSON, Inc.

### No. 3639.

Court of Civil Appeals of Texas. Amarillo.
June 24, 1931.

Rehearing Denied July 11, 1931.

Birge & Nelson, of Amarillo, for appellant.

Fischer & Fischer, of Amarillo, for appellee.

JACKSON, J.

This is an appeal from a judgment obtained in the district court of Potter county, Tex., on December 19, 1930, by appellee against the appellant, for the sum of $1,736.88, with 6 per cent. interest thereon from the date thereof.

Appellee's suit is based on two itemized and verified accounts for goods, wares, and merchandise alleged to have been sold and delivered to appellant at his special instance and request by appellee in 1921. One of the accounts is for the sum of $1,890.95, and the other for $1,680.85.

Appellee was refused a recovery on one of said accounts, but no complaint is made by either party of such action of the court.

Appellee's account appeared on its face to be barred by the statutes of limitation and it pleaded certain letters, hereinafter set out, on which it relied as a written acknowledgment and renewal of its debt and declared on such letters.

The appellant answered by numerous demurrers, general denial, and the statutes of two and four years limitation (Rev. St. 1925, arts. 5526, 5527).

The case was tried to the court without the intervention of a jury, and judgment rendered for appellee as above stated.

The appellant challenges as error the action of the trial court in holding that the letters relied on by appellee tolled the statutes of limitation, because such letters are not sufficient to identify the debt sued on or the amount thereof, do not evidence an unequivocal acknowledgment of the indebtedness, and do not contain an express and unconditional promise to pay such debt.

On April 4, 1928, the appellee's legal department wrote appellant as follows:

"We have two old accounts against you which were made in Commanche, Oklahoma, and which now amount to an aggregate sum of $5,231.95 as of April 1, 1928.

"These accounts have been turned over to this Department. We would very much prefer to have payment of these accounts. The total amount is rather large and if you are not in a position to pay it all at this time, we would be willing to accept a substantial payment and grant an extension of time on the balance evidenced by your promissory note.

"Please let us have a remittance for part of these accounts at least by return mail, and oblige."

On April 7, 1928, appellant answered the foregoing letter, in which he says: "Yours of April 4th received. I have been indebted to your firm for some time—the exact amount of the account I can't remember at this time, but it does not seem to me to be anything like $5,231.95, as per your letter. However, I am getting on my feet financially after going broke in Oklahoma—everything that I owe I am going to be able to and am going to pay. Your account will not be forgotten. Your firm acted very nice, they did not institute suits or in any way try to hinder me in staging a comeback and for that reason yours will be one of the first accounts that will be attended to and as soon as I realize on some of the properties in which I am interested."

The record discloses the following agreement: "It is agreed that the written condition on the bottom of the letter of date 4–7–28, 'you will be paid as soon as I am able and realize on some of my property', has been fulfilled and that if the letter otherwise is a promise to pay it is a matured demand."

Testimony offered independent of the letters is sufficient to identify the indebtedness of appellant as evidenced by the account on which judgment was rendered, and is amply sufficient to sustain the finding implied by the judgment of the trial court that appellee sold and delivered to appellant on such account, at his special instance and request, goods, wares, and merchandise aggregating the

amount of the judgment rendered by the court in favor of appellee.

It will be noted that appellee wrote appellant with reference to two accounts. That appellant, in his reply, states: "I have been indebted to your firm for some time." He then refers to his account and questions the correctness only of the amount of the account. His uncertainty as to the amount manifestly arose in his failure to recognize the account on which appellee sued and was refused a recovery. In his letter he further states: "Everything that I owe I am going to be able to and am going to pay." "Your account will not be forgotten." And, "Will be one of the first accounts that will be attended to and as soon as I realize on some of the properties in which I am interested."

The parties, by the agreement contained in the record, in effect agree that the appellant has realized on his property, is able to pay, and that the demand has matured.

In Stein v. Hamman et al., 118 Tex. 16, 6 S.W.(2d) 352, 353, in answer to a certified question the Supreme Court says: "It is well settled that a statement in writing, signed by the party sought to be charged, which clearly acknowledges the existence of a debt against him, carries with it an implied promise to pay the same."

In Elsby v. Luna et ux., 15 S.W.(2d) 604, 605, the Commission of Appeals says: "We understand the rule to be that, 'This new promise need not be expressed in the writing, but may be implied from what is written.' 'An unqualified and unequivocal acknowledgment in writing on the part of the debtor, of the existence of the indebtedness, unaccompanied by expressions indicating an unwillingness to pay same, will raise the implication of a new promise to pay the indebtedness.' · York v. Hughes (Tex. Com. App.) 286 S. W. 165; Coles v. Kelsey, 2 Tex. 541, 47 Am. Dec. 661; Howard v. Windom, 86 Tex. 560, 26 S. W. 485; Stein v. Hamman [118 Tex. 16] 6 S. W.(2d) 352 (certified question opinion adopted)."

In C. H. Hyer & Sons v. Morrow, 16 S. W.(2d) 938, 940, the Court of Civil Appeals at Fort Worth quotes this language from Chief Justice Gaines: "It would appear, therefore, that when a defendant clearly acknowledges in writing that the debt is a just and subsisting obligation, and evinces that although he is unable to pay at the time, he has no desire or purpose to repudiate any part of it, every evil which the statute of limitations was intended to remedy is obviated, and that no reason exists why the demand should not be enforced."

Under this record and these authorities, it is our opinion that the letters tolled the statutes of limitation, and the judgment of the trial court is affirmed.