## TEXAS CO. v. WILBANKS.

### No. 4755.

Court of Civil Appeals of Texas. Amarillo.

April 26, 1937.

E. D. Slough, of Amarillo, for appellant.

Lackey & Lackey, of Stinnett, for appellee.

JACKSON, Justice.

The appellant instituted this suit in the county court of Hansford county on May 21, 1935, to recover from appellee the sum of $208.24.

On February 12, 1936, the appellant filed an amended original petition and alleged that on May 9, 1932, and on divers dates thereafter, it sold and delivered to appellee certain goods, wares, and merchandise, the amount and prices of which were duly itemized on Exhibit A, attached to and made a part of the petition; that on or about the 17th day of March, 1933, the appellee acknowledged in writing the correctness and justness of the account by the following correspondence:

> "The Texas Company
> "Texaco Petroleum Products
> "Folio 13-261B
> "Dallas, Texas, March 1, 1933
> "58611

"A. J. Wilbanks

"Spearman, Texas

"Dear Sir:

"In connection with the annual audit of our books, we submit herewith statement of your account ending February 28, 1933, amounting to $208.24 and if the balance shown is correct, kindly acknowledge with the return of this letter to our auditor in stamped envelope enclosed herewith.

"Should you find any differences between your records and our statement please advise auditor fully in regard thereto.

> "Yours very truly,
> "The Texas Company,
> "By E. R. Caveness,
> "Traveling Auditor"

"Dear Sir:

"I have checked the statement and found it to be correct. There are no counter claims of any sort outstanding.

"Yours truly,        A. J. Wilbanks"

"Remarks:      Received
                      Mar. 17, 1933
                      E. R. Caveness
                Traveling Auditor
                            Exhibit B"

The appellee excepted to appellant's petition for the reason, as he contended, it appeared from the face thereof that the cause of action alleged is barred by the two-year statute of limitation (Vernon's Ann.Civ.St. art. 5526).

The court sustained appellee's exception, the appellant declined to amend, and the suit was dismissed, and from this action of the court, this appeal is prosecuted.

The only question presented is: Did the statement signed by appellee constitute such an acknowledgment in writing of the justness of the claim as would defeat the plea of two years limitation? In Stein v. Hamman, et al., 118 Tex. 16, 6 S.W.(2d) 352, 353, 9 S.W.(2d) 1104, in answer to a certified question, the Supreme Court says: "It is well settled that a statement in writing, signed by the party sought to be charged, which clearly acknowledges the existence of a debt against him, carries with it an implied promise to pay the same. * * * It must be conceded that mere payment or pledge, as such, will not arrest the statute, but, if there be a writing duly signed accompanying the payment or pledge which meets the requirement of the statute as to renewal, a different question arises."

In Elsby v. Luna et ux. (Tex.Com.App.) 15 S.W.(2d) 604, 605, the court holds: " 'This new promise need not be expressed in the writing, but may be implied from what is written.' 'An unqualified and unequivocal acknowledgment in writing on the part of the debtor, of the existence of the indebtedness, unaccompanied by

expressions indicating an unwillingness to pay same, will raise the implication of a new promise to pay the indebtedness.' York v. Hughes (Tex.Com.App.) 286 S.W. 165; Coles v. Kelsey, 2 Tex. 541, 47 Am. Dec. 661; Howard v. Windom, 86 Tex. 560, 26 S.W.[483] 485; Stein v. Hamman [118 Tex. 16] 6 S.W.(2d) 352 [9 S.W.(2d) 1104] (Certified Question Opinion Adopted)."

We think it is obvious that the letter with the itemized account sent to appellee, and his reply that he had checked the statement and found it to be correct and there were no counter claims of any sort outstanding, was obviously an unqualified and unequivocal acknowledgment in writing of the existence of the indebtedness due by him to appellant.

We cannot sustain appellee's contention that article 5539, R.C.S., does not apply to stated accounts, nor his position that in no event would a written acknowledgment of the justness of such account operate to extend the period of limitation longer than two years after the date of such written acknowledgment.

The bar of the statute of limitation against either an open or stated account may be removed by an unqualified written acknowledgment by the debtor of the existence of the indebtedness shown in the open or stated account. Dickinson v. Lott, 29 Tex. 172. An action upon such written acknowledgment is governed by the four-year period of limitations (Vernon's Ann.Civ.St. art. 5527) applicable to written instruments. Willard v. Guttman (Tex.Civ.App.) 43 S.W. 901; 1 Tex.Jur. page 388, para. 93.

The appellee between February 28 and March 17, 1933, signed the written acknowledgment of the debt and appellant having filed its amended petition on February 12, 1936, it is apparent that if we are correct in the above holding, the trial court erred in sustaining appellee's exception, and the judgment must be reversed and the cause remanded.