452

## McLENDON HARDWARE CO. v. JEWETT LUMBER & HARDWARE CO. et al.

### No. 2372.

Court of Civil Appeals of Texas. Waco.

Dec. 4, 1941.

Rehearing Denied Jan. 8, 1942.

Allan McDonnell, of Waco, and W. D. Lacey, of Centerville, for appellant.

Seale & Seale, of Centerville, and Bennett & Bennett, of Normangee, for appellees.

HALE, Justice.

This is an appeal from a judgment of the district court winding up the affairs of Jewett Lumber & Hardware Company, an insolvent corporation, through receivership proceedings. The question presented for decision is whether the claim of T. O. Sutton & Sons as a creditor of the defunct corporation was barred by limitation.

E. W. Brautigam and wife instituted the suit by bill of interpleader on March 14, 1940, alleging that they were the officers and directors of the corporation; that they owned 47 of its 50 shares of stock and were in actual control of its affairs; that said

corporation owed debts in the total sum of $4,200 as shown by a list containing the name, address and amount owed to each of its 19 creditors, including T. O. Sutton & Sons, to whom it was indebted in the sum of $2,283.85, and McLendon Hardware Company, to whom it was indebted in the sum of $524.03; that said corporation had assets of the total value of $3,300, as shown by a detailed list, with the value of each asset therein set forth; and that said corporation was therefore insolvent. They prayed that a receiver be appointed to take over the assets of the corporation and wind up its affairs under the further orders of the court. The bill was duly verified by the oath of the petitioners.

Upon its presentation the court entered an order permitting the bill to be filed, finding the corporation to be insolvent, appointing a temporary receiver, and directing the character of notice to be given to creditors in order that they might appear and show cause why the receivership should not be continued and the debts of the corporation liquidated in accordance with the prayer of the petitioners. On March 22nd, the court entered an order reciting the appearance of Sutton & Sons, McLendon Hardware Company and other creditors, and upon their joint request the temporary receiver was continued with directions to see that the property of the corporation was securely cared for pending further orders. On April 1st, the court directed additional service of notice on the creditors who had not previously appeared requiring them to show cause why the receiver should not be authorized to sell the assets of the corporation so that the proceeds derived therefrom might be applied to the payment of its debts. In due time the receiver sold all the assets under the orders of the court and on April 24th such sale was approved.

Thereafter on May 23rd, McLendon Hardware Company filed its formal intervention alleging the claim of Sutton & Sons to the extent of $2,060 was based upon an open account for merchandise sold in 1937, that so much of said account was barred by the two years' statute of limitation and therefore should not be allowed. Sutton & Sons then filed their formal pleading setting up their account in the sum of $2,283.85 and alleged its continuing validity by reason of the written acknowledgment thereof as evidenced by the original bill of interpleader in the cause. The trial court found the claim to the extent of $2,060 was barred by the

statutes of limitation unless renewed by the acknowledgment in the petition, but concluded that "the written petition filed in this court by Jewett Lumber & Hardware Company, acting by E. W. Brautigam as secretary-treasurer, and Annie L. Brautigam as president thereof, wherein they state that said corporation owed debts in the sum of $4,200, and further stating that among those to whom they owed debts was T. O. Sutton & Sons and that the amount they owed to the said T. O. Sutton & Sons was in the sum of $2,283.85 was and is sufficient acknowledgment of the validity of the claim of said T. O. Sutton & Sons to remove the bar of limitation." The court rendered judgment allowing the entire claim of Sutton & Sons and directing the ratable payment thereof with other unsecured creditors from the funds on hand. From this judgment, McLendon Hardware Company has appealed, assigning error on the action of the court in allowing said claim in full over its plea of limitation.

Article 5539 of Vernon's Tex.Civ. Stats. provides, in effect, that no acknowledgment of the justness of a claim made subsequent to the time it became due shall take the case out of the operation of any law of limitation unless the same be in writing and signed by the party to be charged thereby. In construing this Article, our courts have held that the writing, in order to remove the bar of limitation, must be an unequivocal acknowledgment of the justness of the debt accompanied by a new promise to pay. The promise to pay need not be express, but may be implied from a clear statement of the existence of the indebtedness, unaccompanied by expressions indicating an unwillingness to pay the debt. Windom v. Howard, 86 Tex. 560, 26 S.W. 483; York v. Hughes, Tex.Com.App., 286 S.W. 165; Stein v. Hamman, 118 Tex. 16, 6 S.W.2d 352, 9 S.W.2d 1104; Elsby v. Luna, Tex.Com.App., 15 S.W.2d 604; First National Bank in Canyon v. Gamble, 134 Tex. 112, 132 S.W.2d 100, 125 A.L.R. 265. In Stein v. Hamman, supra [118 Tex. 16, 6 S.W.2d 353], it was said that "it can make no difference where the writing occurs, if it meets the requirements of the statute and is sufficiently specific as to the debt renewed."

We can not say as a matter of law that the written petition verified and filed in this cause by E. W. Brautigam and wife was an insufficient acknowledgment of the validity of the claim of Sutton & Sons to

remove the same from the bar of limitation. There is no statement of facts in the record, the case having been brought up on the transcript alone, and consequently we do not know what evidence, if any, was adduced before the trial court at any stage of the proceedings as to the intention of the corporation and its officers in executing the original petition of interpleader other than that which is expressed on the face of the instrument itself.

However, we think the petition standing alone is sufficient in and of itself to supply every necessary element in order to constitute a binding acknowledgment of the claim under the statute and under the tests established by the decisions of our courts. It is a clear and unequivocal statement in writing of the existence of a valid and subsisting debt in the sum of $2,283.85 which the corporation owes to Sutton & Sons. Such written statement was signed and sworn to by the officers of the corporation who were also its directors and who constitute 94% of its stockholders. We can find nothing in the instrument or elsewhere in this record which indicates any unwillingness on the part of the debtor to pay all or any part of the debt thus acknowledged. On the contrary, it affirmatively appears from the petition that it was the will and intention of the debtor to pay the claim on a pro rata basis with all other unsecured creditors in so far as available assets would permit. All of the parties apparently proceeded upon this assumption until after the assets of the corporation had been sold under the orders of the court. At any rate, no objection was made by anyone to the validity of said claim until after the sale of the assets had been accomplished. Under such circumstances, certainly the corporation would not be heard to thereafter contest the validity of said claim on the ground that the same was barred by limitation. Where a plea of limitation would not be available to the debtor if solvent we know of no reason why it should be available to a creditor of the debtor in receivership proceedings instituted for the purpose of liquidating the latter's affairs.

It will be noted that if the claim of Sutton & Sons to the extent of $2060 be now eliminated from the debts of the corporation, as contended for by appellant, then according to the other facts set forth in the verified bill of interpleader, the total liabilities of the corporation amounted to only the sum of $2,140, as against total corres-

ponding assets of the value of $3,300, with the result that the corporation was not insolvent and consequently the entire receivership proceedings were unauthorized. Having requested a continuation of the temporary receiver and having acquiesced in and received the benefits resulting from a sale of the assets of the corporation on the assumption that the claim of Sutton & Sons was valid, we do not think appellant should now be heard to question the validity of said claim when such question appears to have been raised for the first time after the assets of the corporation had been sold and disposed of under orders of the court.

For the reasons discussed, the judgment of the trial court is affirmed.