Irving WEBER, Independent Executor of the Estate of Ike Sandler, Deceased, Appellant,

v.

Francis PRINZ et al., Appellees.

No. 16527.

Court of Civil Appeals of Texas.

Fort Worth.

May 8, 1964.

Hill & Paddock, and Clifford F. McMaster, Fort Worth, for appellant.

McDonald, Sanders, Nichols, Wynn & Ginsburg, and Stanford Harrell, Fort Worth, for appellees.

MASSEY, Chief Justice.

The questions posed by the appeal may be answered through a statement of circumstances, with the matter of our legal inquiry predicated thereupon.

Circumstances: Three promisors executed a promissory note bearing, in addition to other language, the following: "payee or other holder hereof may, at any time and from time to time, on request of or by agreement with any of the undersigned, or any party hereafter assuming or otherwise becoming liable hereon, or any part thereof, extend the date of the maturity of all or any part hereof without notifying or consulting with any of the makers hereof, all of whom shall remain fully bound for the payment in full hereof." The note became past due and unpaid, but before the statute of limitation had run one of the obligors made a payment, by check, to be applied against the note. The payment was received and credited. Thereafter a full four year period expired from the payment due date prescribed by the terms on the face of the note. After this four year limitation period had run, the obligor who had made the payment executed an express written renewal and extension agreement relat-

ing to the note wherein he purported to bind the other principal obligors, as well as himself, upon a "new promise to pay". Of this the other two obligors were unaware until after the renewal and extension agreement had been made and delivered.

■ One question before the trial court and now before us on the appeal is whether an express written renewal and extension agreement executed by one principal obligor (of a note which bore the language we have quoted), after the statute of limitation had run according to the other provisions of the note contract, would be binding upon any other principal obligor and would have operation to renew and extend the liability of such other obligor(s).

The provisions of Vernon's Ann.Tex.St., Art. 5539, "Acknowledgment must be in writing", have application to the question. A cause of action may be established through the offer in evidence of such a renewal and extension agreement only as against him who executed the same and not against any other obligor on the note. To enlarge the authority of him who executed the renewal and extension agreement so as to empower him to bind others in like manner as he might bind himself,—after the time for the running of the statute of limitation,—would be against public policy in view of the statute. As to any other defendant against whom relief might be sought by suit, entitlement thereto must be based upon the original note and not upon the renewal and extension agreement (which would amount to a "new promise to pay" on the part of only him who executed the same). As to any cause of action on the note, exclusive of any renewal and extension agreement, the defendant(s) would be privileged to defeat same by advancing the four year limitation plea.

■ Another question is whether one obligor's payment made on the note, after it was overdue but before the limitation period had run, could have operated to toll the statute or to start the running of a new period of limitation. Mere payment before the statute of limitation has run neither operates as a new promise to pay (and to start the running of a new limitation period) nor to toll the limitation period which theretofore has begun. Article 5539 has no application whatever, for its effect and intent relates to new promises to pay made after the period of the applicable statute of limitation has run, and only then as to him or them who has in writing made an acknowledgment and promise upon which he or they are sued.

■ Were the payment made before the statute of limitation had run treated as a "new promise to pay" on the part of him who gave the check in payment (and we have stated that it would have no such effect), yet it could not have operation as a "new promise to pay" by any other principal obligor on the note. To constitute such the "new promise" must be one which by its terms is unequivocal and determinate, a condition which would not be satisfied by mere action in making payment by check to be credited upon note indebtedness.

The student is directed to the text and cited cases in 37 Tex.Jur. 2d, p. 335 et seq., "Limitation of Actions", Ch. XI, "Acknowledgment, New Promise, and Part Payment", Ch. XII, "Renewal or Extension of Obligation", §§ 157–192. Therein the writers correctly accept as a basic premise for their text that the written acknowledgment is one made after the debt is barred by limitation.

Judgment of the trial court was against the defendant who executed the renewal and extension agreement. Because their pleas of limitation were sustained the other defendants were awarded judgment in that it was decreed that the plaintiff "take nothing" as against them.

Judgment is affirmed.