**WICHITA CONSTRUCTION COMPANY,**
Appellant,

v.

**PROGRESS PETROLEUM PRODUCTS,**
Appellee.

No. 16803.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 10, 1967.

Marvin F. London, Bowie, for appellant.

Schenk & Wesbrooks, and Perry Wesbrooks, Wichita Falls, for appellee.

## OPINION

RENFRO, Justice.

Suit was brought by Wichita Construction Company against Progress Petroleum Products, a corporation, in which plaintiff alleged that on September 30, 1962, it sold to defendant vessels, tanks, air compressors, controls, valves, pipe, fittings and other items for an agreed price of $5,000.00.

The suit was filed on November 8, 1965.

Defendant filed numerous exceptions to plaintiff's petition and pleaded the two year statute of limitation.

Plaintiff pleaded that defendant reaffirmed its obligation to pay such debt by written agreement dated August 10, 1964.

On July 11, 1966, in a non-jury trial, the court rendered judgment for defendant on its claim that the debt was barred by the two year statute of limitation.

Plaintiff's point one reads: "The trial court erred in hearing evidence touching on the limitation feature of the case then sustaining the same, this having been previously heard and determined by another court in a pre-trial hearing formally set, heard and fully determined."

It is agreed that Judge Driver conducted the pre-trial hearing. It is agreed that Judge Driver orally overruled certain exceptions pleaded by defendant. It is disputed whether he overruled defendant's limitation plea.

It is agreed that Judge Driver did not enter any order following the pre-trial hearing.

Judge Jones presided at the trial on the merits, and, as above stated, rendered judgment for defendant on July 11, 1966. Thereafter, on July 28, 1966, or 17 days after entry of judgment, Judge Jones signed an order which began, "On this the 22nd day of March, 1966 * * *", and stated that defendant's plea of the two year statute of limitation was overruled.

It is agreed that Judge Jones never held a pre-trial hearing or acted on the pleadings prior to trial.

No attempt was made to set aside the judgment.

Rule 166, Texas Rules of Civil Procedure, provides that orders by the judge when entered shall control the subsequent course of the action, unless modified at the trial to prevent manifest injustice.

■ Assuming, without deciding, that Judge Jones had authority to enter the order of July 28, attempting to say what another judge had ruled orally on March 22, we hold that under the record he still had authority to hear evidence on the two year statute of limitation at the time of the trial.

■ The Rule limits the issues for trial to those not disposed of by admissions or agreements of counsel.

That, said the Supreme Court in Provident Life & Accident Ins. Co. v. Hazlitt, 147 Tex. 426, 216 S.W.2d 805 (1949), is the purpose of the Rule.

In the instant case the plea of limitation defense certainly was not disposed of by admissions or agreements of counsel.

■ In view of the written language relied upon by plaintiff as acknowledgment of debt, we hold that defendant's plea of limitation was not, as a matter of law, insufficient to support, or at least raise, the limitation issue.

■ If Judge Driver erroneously ruled on a matter of vital defense at the pre-trial hearing, Judge Jones was not required to compound the error by incorporating it in his judgment following a full trial on the merits. Under Rule 166, and the authorities, Judge Jones had authority to "modify at the trial * * *." Pan American Petroleum Corp. v. Texas Pacific C. & O. Co., 340 S.W.2d 548 (Tex.Civ.App., 1960, ref., n. r. e.); Sneed v. Martin, 292 S.W.2d 891 (Tex.Civ.App., 1956, no writ hist.).

In its other point of error plaintiff contends the court erred in applying the two year limitation statute.

In Article 5526, V.A.T.S., it is provided that "There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: * * * 4. Actions for debt where the indebtedness is not evidenced by a contract in writing."

It is conceded the items sold by plaintiff to defendant in September, 1962, were sold by oral agreement.

Supporting the judgment was evidence that: in September, 1962, defendant's construction superintendent dealt with the president of plaintiff in regard to some materials plaintiff no longer needed; several items were sold to defendant through its superintendent; no price was agreed upon; some of the items were unusable in defendant's business; later defendant received a letter from plaintiff saying the price was $5,000.00; defendant protested the price by writing and by telephone; the president of

plaintiff corporation apparently let the matter drop; after his death, however, plaintiff renewed its request for payment; in the meantime defendant and plaintiff had engaged in other trades and on August 10, 1964, a letter agreement was signed in which all matters in controversy were settled except the items concerned in this suit; the last sentence of the letter read: "The sum of Five Thousand Dollars ($5,000.00) as shown by Invoice No. 9–2512 covering the equipment from C & H Gas Plant, may be adjusted by later agreement of the parties"; there was no other reference in the letter to the $5,000.00; as of the date of the letter defendant was still protesting the justness of the $5,000.00 claim and that is the reason said claim was not included in the settlement; defendant never made any payment on the $5,000.00 item, but, instead, protested the price at all times; it never acknowledged the justness of the debt and never admitted that it owed said sum.

■ A statement in writing, signed by the party sought to be charged, which clearly acknowledges the existence of a debt against him, carries with it an implied promise to pay the same. Stein v. Hamman, 118 Tex. 16, 6 S.W.2d 352 (Com.App., 1928), 118 Tex. 16, 9 S.W.2d 1104 (Com. App., 1928).

■ Generally, to take a case out of the operation of the statute of limitation, the writing must contain an acknowledgment of the justness of the claim, and an expression of willingness to pay. 37 Tex.Jur.2d 341, § 162; Windom v. Howard, 86 Tex. 560, 26 S.W. 483 (1894); York v. Hughes, 286 S.W. 165 (Com.App., 1926); Elsby v. Luna, 15 S.W.2d 604 (Com.App., 1929).

■ In our opinion the statement contained in the letter of August 10, 1964, failed to meet either requirement necessary to take the claim out of the operation of the statute. The writing merely recites that the sum of $5,000.00 is shown by an invoice and that it *may be adjusted* by later agreement of the parties. Defendant did not ac-

knowledge the justness of said claim, it merely recited an invoice showed that amount; it did not express a willingness to pay but merely a possibility of making an agreement at some unspecified time.

In view of the record we think the writing was insufficient to raise the implication of a new promise to pay the indebtedness.

In Smith v. Fly, 24 Tex. 345 (1859), the court held: "* * * if the expressions be equivocal, vague and indeterminate, leading to no certain conclusion, but at best to probable inferences only, it would not amount to an acknowledgment sufficient to take the case out of the operation of the statute."

Believing the trial court was correct in holding the two year statute of limitation was applicable, its judgment is affirmed.

Affirmed.