**TRAUTMANN BROTHERS INVESTMENT CORP., Appellant,**

v.

**DEL MAR CONSERVATION DISTRICT, Appellee.**

No. 4811.

Court of Civil Appeals of Texas.

Waco.

April 3, 1969.

Rehearing Denied April 24, 1969.

Mann, Cronfel & Mann, Nat B. King, Laredo, for appellant.

J. G. Hornberger, Laredo, for appellee.

OPINION

WILSON, Justice.

This case presents the sole question of whether defendant's notation on its check to plaintiff: "Partial payment of note

dated April 30, 1962", had the effect, under Article 5539, Vernon's Ann.Civ.St., to take plaintiff's action out of the operation of the four-year statute of limitation. The trial court held it did not, and rendered summary judgment that plaintiff take nothing. We reverse.

Plaintiff sued on a $12,000 demand note executed by defendant dated April 30, 1962. October 2, 1964 defendant's $4762 partial payment by check bearing the quoted notation was credited by plaintiff on the note, and on the latter date plaintiff made demand for payment of the balance. This suit was filed August 16, 1968. Copies of the note and check were attached to the petition as exhibits. Defendant pleaded limitation.

Article 5539 provides: "When an action may appear to be barred by limitation, no acknowledgement of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby".

"The note, being payable on demand, was actionable at once, and the statute of limitation would begin to run from its date". Henry v. Roe, 83 Tex. 446, 18 S.W. 806, 808.

Defendant first takes the position that the statute is inapplicable to debts which are not barred by limitation when the written acknowledgment is made, but applies only to acknowledgments made after the debt is barred. Only one decision is cited, Weber v. Prinz, Tex.Civ.App., 379 S.W.2d 419, no writ, containing language which may be said to support the contention. Since the only defendant against whom judgment was rendered in that case had executed a written renewal and extension agreement after limitation had run on the original note, and since it was held his acknowledgment could not then bind the other makers, the present question was not there involved or necessary to a determination of the cited case. The text cited

in the opinion sustains the contrary conclusion: 37 Tex.Jur.2d, Limitation of Actions, Sec. 180, p. 363.

The statute was enacted in its present form during the period of the Republic in 1841. Hartley's Digest (1850) 727, Article 2379. It came to us through the decision of Lord Tenterden, Tanner v. Smart, 6 Barnewall & Creswell 603, 607 (1827) and thence, Lord Tenterden's Act, 9 Geo. IV, Ch. 14 (1829), which engrafted on the basic English limitation statute, 21 James I. Ch. 16 (1623), a provision relating to acknowledgments in writing. 8 Holdsworth, Hist. English Law 25, 37; Ann. 55 L.R.A. 322; 8 L.R.A.,(N.S.), 446; 34 Am. Jur. Sec. 289, p. 233.

In 1848 the Supreme Court, through Justice Lipscomb settled the present question by construing the Texas statute in Coles v. Kelsey, 2 Tex. 542, 552: "I do not believe that it would make any difference", he said, "whether the subsequent promise be made before or after the statute had completed the bar", and the statute makes no distinction as to whether the acknowledgment "be made before or after the bar has been completed". There the acknowledgment preceded the barring of the debt by limitation.

■ The question was again authoritatively decided, in Caterpillar Tractor Co. v. Churchill, Tex.Civ.App., 40 S.W.2d 971, 972, writ ref. In that case the written acknowledgment was made before the original debt was barred, and in holding the plaintiff was entitled to recover the court said: "A new promise, whether made before or after the bar is complete" will be effective. We follow these holdings. See Cain v. Bonner, 108 Tex. 399, 194 S.W. 1098, 3 A.L.R. 874; Standard Surety & Casualty Co. v. Wynn, Tex.Civ.App., 172 S.W.2d 789, 793, no writ; Sharp v. Frizzel, Tex.Civ.App., 153 S.W.2d 543, 544, no writ; Montague County v. Meadows, 21 Tex.Civ. App. 256, 51 S.W. 556, 557, no writ;

■ We are next required to decide whether defendant's notation on the check

constituted an acknowledgment of the justness of the claim and a new promise to pay under the statute. We hold that it does.

Defendant points to authorities which announce the proposition that partial payment on a debt will not alone be sufficient to satisfy the statutory test. It is unnecessary to determine that question or apply its solution in this case. There is here more than a mere payment.

We are not relegated to the English Common Law in construing Art. 5539. In Coles v. Kelsey, 2 Tex. 542, 557 S.W. 558, Justice Lipscomb stated the statute was intended to change the character of proof (i. e., to a writing) of the acknowledgment, and not what words would constitute it; that the acknowledgment was a new promise founded upon the moral obligation to pay the previous debt as consideration[1]; and that the "two ingredients necessary to make an acknowledgment within the statute" are the acknowledgment of the antecedent debt and an expression of willingness to pay it".

The Supreme Court has since settled also the rules that (1) "An unqualified acknowledgment of an existing debt implies a promise to pay it." Starr v. Ferguson, 140 Tex. 80, 166 S.W.2d 130, 131; Howard & Hume v. Windom, 86 Tex. 560, 26 S.W. 483, 485. (2) From such a clear written acknowledgment that the debt is subsisting (absent evidence of intent to repudiate it) will be implied the promise to pay, notwithstanding there is no express promise. Windom v. Howard, 86 Tex. 560, 26 S.W. 483, 486; York v. Hughes, Tex.Com.App., 286 S.W. 165, 167; McLendon Hardware Co. v. Jewett Lumber & Hardware Co., Tex.Civ.App., 157 S.W.2d 452, 453, writ ref. See Hanley v. Oil Capital Broadcasting Ass'n, 141 Tex. 243, 171 S.W.2d 864, 865.

Decisions of the Supreme Court also require the holding that defendant's words on the check in this case constitute such an acknowledgment under Art. 5539 as to avoid the bar of the statute of limitation. In First Nat. Bank in Canyon v. Gamble, 134 Tex. 112, 132 S.W.2d 100, 101, 125 A.L.R. 265, defendant noted on a check payable to the holder of the note, "Int. on note". It was held this was a sufficient acknowledgment under Art. 5539 to take the "suit out of the operation of the statute of limitations", because the "written statement made by notation on the face of the check, that the payment of interest is being made on the note, is an acknowledgment in writing of the existence of the debt" from which a promise to pay is implied by law.

In Stein v. Hamman, Tex.Com.App., 118 Tex. 16, 6 S.W.2d 352 (rehearing overruled, 118 Tex. 16, 9 S.W.2d 1104), defendant's notation on an instrument delivered as collateral: "As collateral to secure my overdrafts to J. H. P. Davis & Co.", was held to constitute the equivalent of a payment accompanied by an acknowledgment by which the debtor specifically identified the debt, and "expressly recognizes his indebtedness", implying a promise to pay. See Cotulla v. Urbahn, 104 Tex. 208, 126 S.W. 1108, 135 S.W. 1159, 1163, 34 L.R.A., N.S., 345.

Appellee defends the judgment with the argument that plaintiff's pleaded cause of action is solely on the original barred note, rather than on the new promise to pay arising by operation of law. Attached to plaintiff's original petition was the note and the check bearing the quoted acknowledgment. After defendant pleaded limitation, plaintiff filed an amended pleading in which was set out the quoted notation, and in which the check bearing it was expressly adopted and made an exhibit.

■ This pleading was sufficient to constitute an action on the new promise and to authorize recovery under plaintiff's motion for summary judgment, overruled by the trial court, and which should have been sustained. Rule 59, Texas Rules of Civil

---

[1]. See Lord Mansfield, Trueman v. Fenton, 2 Cowper 544 (1777); 8 Holdsworth, Hist.Eng. Law 26.

Procedure; Hanley v. Oil Capital Broadcasting Ass'n, 141 Tex. 243, 171 S.W.2d 864, 866. The Judgment is reversed and here rendered that plaintiff have and recover from defendant $7,238 with interest at 6% per annum from April 30, 1962 and all costs of court.

Reversed and rendered.