**R. M. GINSBERG et al., Appellant,**

v.

**A. L. LEAL et al., Appellee.**

**No. 4958.**

Court of Civil Appeals of Texas, Waco.

Dec. 31, 1970.

Rehearing Denied Jan. 21, 1971.

Clark, West, Keller, Sanders & Ginsberg, Cecil D. Elfenbein, Dallas, for appellant.

Storey, Armstrong & Steger, Robert M. Martin, Jr., Dallas, for appellee.

## OPINION

WILSON, Justice.

Summary judgment holding indebtedness is barred by limitation is the subject matter of this appeal. In our opinion at least a fact issue exists as to whether a written acknowledgment sufficient to remove the indebtedness from the bar under Art. 5539, Vernon's Ann.Tex.Civ.St., was made by the debtor, and we reverse.

We condense the material facts as follows:

Appellee Leal executed a demand note payable to appellant Beer for $55,000 dated June 4, 1965, secured by a deed of trust on realty in Bell County and Dallas County. On June 6, 1965 a new note for $39,500 was executed, the consideration for which is alleged to be the existing debt. May 3, 1968 Leal filed suit against Beer and others seeking to enjoin an attempted foreclosure of the deed of trust lien under power of sale. He alleged the deed of trust was unenforceable for lack of consideration and

because of fraud. A temporary restraining order was immediately issued. Due to settlement efforts it was agreed no further action should be taken on the application for injunction until the parties requested it. Appellant urges that the restraining order, in effect, tolled limitation. In our view of the case it is not necessary to decide this contention.

Appellant Beer filed a cross-action on the note January 7, 1970, alleging that Leal had ratified the note by a letter on April 1, 1966 requesting a release of the lien and substitution of a new deed of trust. By amended counterclaim and petition for declaratory judgment filed March 18, 1970 Beer alleged Leal had written him a letter April 1, 1966, which the summary judgment proof establishes was as follows, portions of which we have italicized:

> "April 1, 1966
> Dallas, Texas
>
> Mr. Robert L. Beer
> 6501 Hillcrest
> Dallas, Texas
>
> Dear Mr. Beer:
>
> In connection with the partial release of lien covering certain property located in Temple, Bell County, Texas, I *request this partial release from your deed of trust lien* covering the said property in order that I may go forward with some permanent financing creating a first lien on certain property in the approximate sum of $130,000.00. The partial release is requested by me and executed by you with the understanding and agreement that following the closing of the transaction and the affixing of the first lien of the sum of $130,000.00, that in no event later than the 30th day of April, 1966, I will *reexecute a lien* on the property described in said partial release given by you of this date, to *reinstate the security for the note referred to in the deed of trust originally creating said lien* so that said property shall *continue to be security for your note*, which shall be subordinated and inferior to first lien referred to herein.

> /s/ A. L. Leal
> A. L. Leal"

In the face of this letter it cannot be held that a summary judgment based on bar of the debt by limitation was authorized.

Under Art. 5539, V.A.T.S. a signed unequivocal acknowledgment of the justness of a claim will "take the case out of the operation of the law" of limitation, and from it the law implies a promise to pay the debt. Windom v. Howard (1894) 86 Tex. 560, 26 S.W. 483, 486; Stein v. Hamman, 118 Tex. 16, 6 S.W.2d 352, 9 S.W.2d 1104; Hanley v. Oil Capital Broadcasting Ass'n (1943), 141 Tex. 243, 171 S.W.2d 864, 865; First Nat. Bank in Canyon v. Gamble (1939), 134 Tex. 112, 132 S.W.2d 100; McLendon Hardware Co. v. Jewett Lumber & Hardware Co. (1943, writ ref.), 157 S.W.2d 452. See authorities cited, Trautmann Bros. Inv. Corp. v. Del Mar Conserv. Dist. (Tex.Civ.App., 1969, writ ref. n. r. e.), 440 S.W.2d 314.

The letter from Leal identifies the debt and the deed of trust lien securing it, and requests a partial release in order that he can encumber the property to secure another debt. The letter on its face is an acknowledgment of the justness of the debt. Why, otherwise, would Leal desire a release of the lien securing its payment, which was a mere incident of the debt? Leal agrees to "reexecute a lien" on the property to "reinstate the security" for payment "of the note referred to in the deed of trust", and proposes that the lien on the property shall "continue" to be security for "your note", subordinated to the proposed new lien.

This letter on its face constitutes such an unequivocal and unconditional express acknowledgment of the justness of the debt, implying a new promise to pay it, as precludes rendition of summary judgment.

Reversed and remanded.