# NO. 12-17-00403-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BEN E. JARVIS AND JNJA LAND LLC,* *APPELLANTS* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *SHIRLEY LOVIN,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Ben E. Jarvis ("Jarvis") and JNJA Land LLC ("JNJA") appeal the trial court's judgment awarding Shirley Lovin, Leslie Tew, and Judy Gail Tew $21,540.92 in damages for breach of contract.[1] In two issues, Jarvis argues the trial court erred because Lovin's claims are barred by the statute of limitations and, alternatively, that the trial court erred by failing to file findings of fact and conclusions of law. We reverse and render.

### BACKGROUND

On October 5, 1992, Jarvis and Lovin entered an agreement to settle a lawsuit over a 31.27 acre tract of land.[2] The parties agreed, in pertinent part, that Jarvis would (1) be vested with title to the property; (2) be responsible for all ad valorem taxes as long as the title remained in his name; (3) pay Lovin royalties from the sale of rock mined from the property; and (4) convey the property to Lovin at the expiration of 15 years or the cessation of rock mining, whichever was later. The

---

[1] The Tews and Lovin were opposing parties in separate litigation over the property, and after the trial of this case, but prior to the entry of judgment, the Tews assigned their interest in this lawsuit to Lovin.

[2] In addition to Lovin, the Tews, and Adene Hayes also entered into the settlement agreement with Jarvis.

agreement defined cessation of mining as ninety days without active removal from the premises of rock, rock ore, dirt, sand, clay, and/or gravel in commercial quantities.

In accordance with the settlement agreement, Lovin conveyed the property to Jarvis. After the conveyance, Jarvis regularly paid the taxes on the property until 2008. In 2009, he paid some, but not all of the property taxes. On September 12, 2012, Jarvis conveyed the property to JNJA. On January 31, 2013, Jarvis, as a member of JNJA, conveyed the property to Lovin.

In November 2013, the local taxing authorities sued Lovin for $16,585.90 in delinquent property taxes for 2009, 2010, 2011, and 2012. On December 23, Lovin filed a third party action against Jarvis and JNJA for breaching the settlement agreement by the failure to pay property taxes. Jarvis and JNJA filed an answer asserting the affirmative defense of limitations. During the course of the litigation, Lovin sold the property and paid the delinquent taxes. Subsequently, the taxing authorities non suited their pleadings.

On May 27, 2015, the matter proceeded to a bench trial. At trial, Leslie Tew testified that he entered the 1992 settlement agreement to settle a real estate dispute with Jarvis. According to Tew, he was unaware that title to the property was in his name until the taxing authorities served him with a lawsuit. Tew testified that he never received any royalties from mineral production on the property, but was aware that Lovin, his sister in law, and Adene Hayes, his mother in law, received royalty payments over the years. Tew testified that he had no further contact with Jarvis after the settlement agreement was signed. Lovin testified that she sold the property after the tax authorities sued, and paid the $21,548.32 in delinquent taxes out of the proceeds of the sale.

Jarvis testified that mining operations ceased on the property in the latter part of 2007. Jarvis testified that he personally visited the property and the operator had removed all the equipment from the property at that time. He testified that no mining operations took place thereafter. Scott Fitzgerald, Jarvis' office manager, testified about the royalty payments made from rock mining operations on the property. Fitzgerald stated that the operator would issue a check to Jarvis, and Jarvis then issued royalty checks to the other royalty owners. Fitzgerald testified that the operator generally issued payments within thirty to ninety days from the sale of the rock and that Jarvis's office issued checks to royalty owners within a week after receiving payment from the operator. Fitzgerald testified that the last royalty payment sent to Lovin was dated February 22, 2008, which covered January rock sales. Fitzgerald stated that this payment was likely from rock mined in December 2007. Fitzgerald specifically testified that he did not

2

believe it was necessary to notify the Tews that mining operations had ceased because the family lived on the property.

On November 28, 2017, the trial court entered judgment in favor of Lovin and awarded her $21,540.92 with post-judgment interest. Thereafter, Jarvis timely requested the trial court enter findings of fact and conclusions of law. At the trial court's request, Lovin submitted proposed findings of fact and conclusions of law, which the trial court did not sign. Jarvis filed notice of past due findings of fact and conclusions of law and a request for additional findings of fact and conclusions of law regarding his limitations defense. The trial court did not respond to his request. This appeal followed.

## LIMITATIONS

In Jarvis's first issue, he argues that the statute of limitations bars Lovin's claims for breach of contract because the breach of contract claim accrued when mining operations ceased in late 2007. Lovin argues the discovery rule deferred accrual of the claim until the tax authorities filed suit and that Jarvis acknowledged the continuing force and legitimacy of the contract when he conveyed the property back to Lovin in 2013.

### Standard of Review and Applicable Law

A trial court's findings are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing evidence supporting a jury's verdict. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). When a trial court does not make written findings of fact, we imply all fact findings that are supported by the evidence in favor of the court's ruling. *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 337 (Tex. 2009). However, when a complete reporter's record is brought forward on appeal, as here, the trial court's implied findings are not conclusive and may be challenged for legal and factual sufficiency the same as jury findings. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

A written settlement agreement is enforceable in the same manner as any other written contract. TEX. CIV. PRAC. & REM. CODE ANN. § 154.071 (a) (West 2011). The statute of limitations for breach of contract actions is four years from the date of accrual. *See id.* § 16.051 (West 2015); *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002). A claim for breach of contract accrues when the contract is breached. *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 314 (Tex. 2006). A breach of contract occurs when a party fails or refuses to do something he promised to do.

3

*Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 227 (Tex. App.—Houston [14th Dist.] 2008, no pet.)

Limitations is an affirmative defense, and the defendant has the burden to plead, prove, and secure findings to support his affirmative defense. *See* TEX. R. CIV. P. 94; *Woods v. William M. Mercer*, Inc., 769 S.W.2d 515, 517 (Tex. 1988). When a cause of action accrues is a question of law. *Moreno v. Sterling Drug*, 787 S.W.2d 348, 351 (Tex. 1990).

**Analysis**

The settlement agreement at issue in this case defines cessation as ninety days with no active mining operations. At trial, the undisputed evidence showed that mining operations ceased in late 2007, and the last royalty payment from rock mined on the property issued on February 22, 2008. According to the settlement agreement, Jarvis was obligated to convey the property back to Lovin ninety days after the cessation of mining operations. At the latest, cessation occurred on May 22, 2008, ninety days from the date of the final royalty payment. Jarvis did not convey the property until 2013. Thus, Jarvis breached the contract when he failed to convey the property following ninety days after active mining ceased, and Lovin's claim accrued at that time. *See Via Net*, 211 S.W.3d at 314; *see also Seureau.,* 274 S.W.3d at 227. Based on our review of the record in its entirety, we conclude that the statute of limitations for Lovin's breach of contract claim accrued, at the latest, on May 22, 2008. This required Lovin to file suit before the end of May 2012. The record demonstrates that Lovin filed this lawsuit on December 23, 2013, which is well beyond the applicable four-year limitations period. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051.

On appeal, Lovin argues that the discovery rule should apply to defer accrual of her claim. A party seeking to avail itself of the discovery rule must plead the rule, either in its original petition or in an amended supplemented petition in response to a defendant's assertion of the limitations defense as a matter of avoidance. TEX. R. CIV. P. 94; *Woods*, 769 S.W.2d at 518. However, unpleaded claims or defenses that are tried by express or implied consent of the parties are treated as if they had been raised by the pleadings, and a party who allows an issue to be tried by consent cannot later raise the pleading deficiency for the first time on appeal. *See Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991).

Here, Lovin did not explicitly raise the discovery rule in her pleadings or in a supplemented response to Jarvis's answer. The pleadings did, however, state that Jarvis failed to inform the

grantees of the 2013 conveyance. At trial, Lovin argued that her claim accrued when Jarvis executed this deed because (1) Jarvis was operating under the settlement agreement when he conveyed the property in 2013 and (2) she was not notified that mining operations had ceased. Thus, under these circumstances, we conclude that the discovery rule was tried by consent. *See id.*

The discovery rule exception defers accrual of a cause of action until the plaintiff knew or, in exercising reasonable diligence, should have known of the facts giving rise to the cause of action. *Gibson v. Ellis*, 58 S.W.3d 818, 823 (Tex. App.—Dallas 2001, no pet.). It is a very limited exception to the statutes of limitations, and is applicable in cases "where the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Id.* (quoting *Computer Assocs., Int'l v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996)). Lovin argues that her claim accrued when she was served with the taxing authorities' lawsuit on November 21, 2013. We disagree. An injury is inherently undiscoverable if, by its very nature, it is unlikely to be discovered within the prescribed limitations period despite the exercise of due diligence. *Seureau*, 274 S.W.3d at 227-28. Contracting parties are generally not fiduciaries; thus, due diligence requires that each protect its own interest. *Via Net*, 211 S.W.3d at 314. Due diligence can include asking a contract partner for information needed to verify contractual performance. *Via Net*, 211 S.W.3d at 314. If a contracting party responds to that request with false information, accrual may be delayed for fraudulent concealment. *Id.* But the failure to request such information is not due diligence. *Id.*

The record does not demonstrate that Jarvis had any fiduciary duty to Lovin, and by all accounts the two parties entered an arm's length transaction. Thus, Lovin bore the responsibility to exercise due diligence in protecting her own interests. The evidence at trial showed that Lovin's family lived on the property subject of this dispute, and she stopped receiving royalty payments from mining in 2008. However, Lovin made no inquiry as to why Jarvis stopped sending royalty payments. *See id.*; *see also Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737 (Tex. 2001) (discovery rule inapplicable because due diligence required royalty owners to verify information or payments from their lessees). In sum, Lovin's injury is not by nature inherently undiscoverable, but is the type that could have been discovered through the exercise of due diligence. *See Via Net*, 211 S.W.3d at 314. Thus, we hold that the discovery rule does not apply to defer the accrual of her claim. *Id.*

5

Lovin also argues that her claim is not barred by limitations because Jarvis acknowledged the continued legitimacy of the contract when he conveyed the property to her in 2013. Lovin cites no statute or legal authority for this position. Nevertheless, this Court is aware that Section 16.065 of the civil practice and remedies code discusses acknowledgment of claims barred by limitations:

> An acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible in evidence to defeat the law of limitations if made after the time that the claim is due unless the acknowledgment is in writing and is signed by the party to be charged.

TEX. CIV. PRAC. & REM. CODE § 16.065 (West 2015). Our review of the applicability of Section 16.065 to the facts of this case reveals that Section 16.065 has been applied primarily in creditor-debtor relationships where a debtor acknowledges the justness or existence of a claim on a debt that is otherwise barred by limitations. *See e.g.*, *Stine v. Stewart*, 80 S.W.3d 586, 591 (Tex. 2002); *Bright & Co. v. Holbein Family Mineral Trust*, 995 S.W.2d 742, 745 (Tex. App.—San Antonio 1999, pet. denied); *Andrews v. Cohen*, 664 S.W.2d 826, 828-29 (Tex. App.—Tyler 1984, writ ref'd n.r.e.); *Stefek v. Helvey*, 601 S.W.2d 168, 171 (Tex. Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.); *Siegel v. McGavock Drilling Co.*, 530 S.W.2d 894, 896 (Tex. Civ. App.—Amarillo 1975, writ ref'd n.r.e.); *Ginsberg v. Leal*, 462 S.W.2d 110, 111 (Tex. Civ. App.—Waco 1970, writ ref'd n.r.e.); *Miller v. Thomas*, 226 S.W.2d 149, 152 (Tex. Civ. App.—Amarillo 1949, writ ref'd). This case does not involve a creditor-debtor relationship or the acknowledgment of a debt. Because Lovin provided no authority that Section 16.065 applies to a situation in which a defendant acknowledges a contract after expiration of the four-year limitations period, we decline to extend application of this section to the present case. *See Gunderman v. Buehring*, No. 13-05-00278-CV, 2006 WL 240517, at *5 (Tex. App.—Corpus Christi Feb. 2, 2006, pet. denied) (mem. op.) (declining to extend Section 16.065 to personal injury case where appellants provided no authority that section had any application); *see also* TEX. R. APP. P. 38.1(i) (requiring brief to contain appropriate citations to authorities), 38.2(a).

Finally, to the extent Lovin's argument can be construed as an attempt to persuade this Court to apply the principle of equitable tolling in this case, we decline to do so. Equitable tolling does not apply when a late filing is due to a claimant's failure to exercise due diligence in

6

preserving legal rights. *See **Hand v. Stevens Transp., Inc. Employee Benefit Plan***, 83 S.W.3d 286, 294 (Tex. App.—Dallas 2002, no pet.).

Accordingly, for all the reasons discussed above, we conclude that Jarvis proved his limitations defense as a matter of law and, consequently, we hold that the trial court's judgment is legally insufficient. We sustain Jarvis's first issue and need not address his second, alternative issue. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having sustained Jarvis's first issue, we ***reverse*** the judgment of the trial court, and ***render*** a take nothing judgment in favor of Jarvis and JNJA.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 10, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### OCTOBER 10, 2018

### NO. 12-17-00403-CV

**BEN E. JARVIS AND JNJA LAND LLC,**
Appellant
V.
**SHIRLEY LOVIN,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 24,579-B)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in the judgment as entered by the trial court and that the same should be reversed and judgment rendered.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the judgment of the trial court in favor of Appellee, **SHIRLEY LOVIN**, be, and the same is, hereby **reversed** and judgment is **rendered** that the Appellee take nothing. All costs in this cause expended both in this Court and the trial court below be, and the same are, hereby adjudged against the Appellee, **SHIRLEY LOVIN,** for which let execution issue; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*