**H. FRIEDMAN, Individually and d/b/a The New York Fabrics Shop, Appellant,**

v.

**WORTHY FABRICS, Appellee.**

No. 5428.

Court of Civil Appeals of Texas.

El Paso.

Nov. 2, 1960.

Allan L. Poage, El Paso, for appellant.

Thor G. Gade, El Paso, for appellee.

ABBOTT, Justice.

This is an appeal from a judgment of the El Paso County Court at Law, granting a motion of appellee for an instructed verdict against appellant. The suit was instituted by appellee on a verified account and a plea that appellant did acknowledge such indebtedness in writing. Appellant plead the two-year Statute of Limitations. The trial court found the letter to be such an acknowledgment of the debt as to remove it from the two-year Statute of Limitations, and instructed a verdict for appellee. Appellant has perfected his appeal, and is properly before this court with two assignments of error:

"Points of Error

"Appellant relies for reversal upon the following points of error:

"(1) The error of the Court in instructing a verdict against this Appellant when the letter of February 15, 1956, did not contain a sufficient acknowledgment to take the debt out of the two year statute of limitation.

"(2) The error of the Court in Instructing the Verdict against this Appellant when the question of sufficiency of acknowledgment is a matter to be determined by the Jury in the light of the surrounding circumstances."

The letter in question is as follows:

"The New York Fabrics Shop
"307 East Overland Street
"Telephone 3–1987
"El Paso, Texas

"February 15, 1956

"Worthy Fabrics
"~~Franklin St.~~
"New York, N. Y.

"Dear Friend:

"Referring to your correspondence regarding my balance:

"I greatly regret my inability to liquidate my balance at this time. I happened to an automobile accident in December which kept me from my business for about six weeks. In addition, it so happens that I opened my business in El Paso at the slowest period for business. For these two reasons I have not been able to take care of the matter more promptly.

"I am not trying to evade my responsibility and I hope you will understand that I am not offering more excuses, but I hope you will understand that it has been impossible for me to do any different under the circumstances. If you will continue to be patient with me for a bit longer, you may be assured you will hear from me shortly.

"Thank you for your kind cooperation.

"Very sincerely yours,
"/s/ H. Friedman
H. Friedman."

"HF :m

We believe the above letter is clearly an acknowledgment of the debt; and, with such acknowledgment, is an implied promise to pay. Article 5539, Statutes of 1925, has been the law in Texas since 1841. As cited in Hanley v. Oil Capital Broadcasting Ass'n, 141 Tex. 243, 171 S.W.2d 864, from Gammel's Laws of Texas, Volume 2, page 630:

"Our decisions seem uniformly to recognize that, although it does so result in some cases, it was never the purpose of the act to permit debtors to escape their obligations. Rather, the evil it sought to remedy 'was to prevent demands originally invalid or which had been discharged from being enforced after such a lapse of time as would probably make it impossible for defendants to procure evidence by which a just defense could be established.'"

Therefore, the reason for the statute no longer exists when the defendant, within a short time before the suit is filed, has acknowledged the justness of the demand. Howard et al., Adm'rs v. Windom, 86 Tex. 560, 26 S.W. 483; Hanley v. Oil Capital Broadcasting Ass'n, 141 Tex. 243, 171 S. W.2d 864; Hallaway v. Thompson, Trustee, 148 Tex. 471, 226 S.W.2d 816; Small v. Lang, Tex.Civ.App., 239 S.W.2d 441; O'Quinn et ux. v. Scott et al., Tex.Civ.App., 251 S.W.2d 168; Yeary v. Hinojosa, Tex. Civ.App., 307 S.W.2d 325.

■ It will be noted in the present case that the debt was acknowledged, and there was no complaint as to the justness of the account. Also, there is the implied promise, "If you will continue to be patient with me for a bit longer, you may be assured you will hear from me shortly." The acknowledgment of the debt, coupled with the implied promise to pay, is, in our opinion, sufficient to comply with the requirements, pointed out in the above cited cases, to take the action out of the two-year Statute of Limitations. Having so found, appellant's first assignment of error is overruled.

■ The second assignment of error is to whether or not the sufficiency of the acknowledgment is a matter of law, or a question of fact. In looking at the letter in question, and the interpretation of it as to sufficiency in establishing an acknowledgment, there can be no question but that the interpretation was a question of law. Martindale Mortg. Co. v. Crow, Tex.Civ.App., 161 S.W.2d 866; Binge v. Gulf Coast Or-

chards Co., Tex.Civ.App., 93 S.W.2d 813; Berry v. Harnage, 39 Tex. 638; Cook v. Dennis, 61 Tex. 246.

There were no circumstances attendant on the letter, in the present case, to remove it from the rule laid down in the above cases. There was no question raised by appellant as to other debts to which the letter of acknowledgment referred. In the cases cited by appellant to support his second assignment of error, there are found situations that can easily be distinguished. Having found the interpretation of the letter to be a question of law, we overrule appellant's second point.

The judgment of the trial court is affirmed.