**John E. HEALY et al., Appellants,**

v.

**Melvin A. MASTERS, Appellee.**

**No. 17465.**

Court of Civil Appeals of Texas,
Fort Worth.

Jan. 11, 1974.

Guy H. McNeely, Wichita Falls, for appellants.

Friberg, Martin & Richie, and Gene Richie, Wichita Falls, for appellee.

OPINION

MASSEY, Chief Justice.

Melvin A. Masters, as plaintiff, brought suit on sworn account for personal services performed for defendants John E. Healy and Howard S. Wright, who engaged in business as partners. Following trial before the court, without a jury, judgment for plaintiff was rendered for $1,769.87, the amount sought by suit, plus $350.00 for plaintiff's attorney as necessarily incurred attorney's fees. Defendants appealed.

We affirm.

Thrust of the appeal is directed to showing that the trial court erred in failing to sustain the defendants' Plea of Limitation claim that all amounts sued for which had accrued more than two years prior to December 14, 1972 (when suit was brought) should be eliminated as any entitlement of plaintiff. Vernon's Ann.Texas St. Art. 5526, "Actions to be commenced in two years."

If the plea was one proper to be sustained a material amount of the indebtedness sued upon would not be plaintiff's entitlement in view of the Plea of Limitation. On the face of the account such plea should be sustained, but, under plaintiff's theory the action of the trial court in overruling the plea was proper because of the provisions of V.A.T.S. Art. 5539, "Acknowledgment must be in writing". By such provisions it is the law that though an action appear to be barred by limitation an acknowledgment in writing and signed by (or in behalf of) the party sought to be charged thereby of the justness of the claim against which the plea is interposed will remove the case out of that operation of the law which otherwise would compel the court to sustain a limitation plea.

The writing upon which plaintiff relied was in the form of a letter, as follows:

"HEALY–WRIGHT REAL ESTATE

"August 29, 1972

"Mr. Gene Richie, Attorney-at-Law
Suite 624, Hamilton Building
Wichita Falls, Texas

"RE: My personal account & mine and Mr. Healy's account with Masters Service Company

"Dear Mr. Richie:

"I am enclosing herewith my check in the amount of $55.71 covering my personal account with Masters Service Company.

"Some months ago, my attorney, Mr. Frank Gibson, advised me to file Voluntary Bankruptcy, but I told Frank at the time as long as our creditors went along with us, I would keep trying to get them paid. I agree that progress has been slow, but I'm still trying.

"Sincerely yours,

/s/ "Howard S. Wright."

The defendants were partners in respect to various parcels of realty, and all the in-

debtedness sued upon was occasioned by plumbing, heating, and air-conditioning services performed thereon by plaintiff, doing business as Masters Service Company. Each time work was performed it would be orally ordered by or in behalf of the defendants. Plaintiff, upon completion of the work would submit his bill and add the amount thereof to the amount of defendants' account already accrued.

On August 24, 1972, plaintiff's attorney wrote the defendants a letter itemizing the several bills which remained unpaid, and making formal demand for payment in full. The letter also demanded of defendant Wright, individually, a personal and separate payment of $55.71 for work not coming under the partnership enterprise of the two defendants. This was paid by check which accompanied the letter in response on August 29, 1972, copied hereinabove.

In defendants' brief their attorney states candidly: "The writer of this brief gets behind the eight ball, so to speak, in just a few minutes when he finds the cases holding that a written statement by a debtor acknowledging the existence of a debt implies a promise to pay same. . . . There can be little argument in this case except to say, 'If the Court finds the letter from Mr. Wright to be sufficient to acknowledge the debt the case must be affirmed. If the Court does not so find it should either be remanded or the correct judgment entered.' If the writers calculations are correct the amount of judgment would be $96.18, including interest as allowed by law on open accounts up to the date of the judgment."

The debt is identified and acknowledged by the language in the letter of August 29, 1972, viz: "RE: My personal account & mine and Mr. Healy's account with Masters Service Company". Hence the letter, by its reference thereto absent any indication that it was deemed improper, became an express and unqualified acknowledgment of the existence of the indebtedness by the defendant who wrote it and also by

his partner since the liability therefor constituted a partnership liability. From that constructive acknowledgment a promise to pay is properly implied, there being no expression in the letter indicating an unwillingness to pay. Our conclusion that the letter is sufficient to remove the bar of the statute of limitation finds primary support in the case of Starr v. Ferguson, 140 Tex. 80, 166 S.W.2d 130 (1942), holding similarly. There the line of demarcation is almost as tightly drawn as in the instant case.

On the question see also the following cases and the authorities cited therein, to-wit: York v. Hughes, 286 S.W. 165 (Tex. Com.App., 1926); Fate v. Holland, 115 S.W.2d 1032 (El Paso, Tex.Civ.App., 1938, writ dism.); Friedman v. Worthy Fabrics, 347 S.W.2d 639 (El Paso, Tex.Civ.App., 1960, no writ history).

Judgment is affirmed.