**MERCANTILE NATIONAL BANK AT DALLAS, Appellant,**

v.

**ACOUSTICS, INC., Appellee.**

No. 5324.

Court of Civil Appeals of Texas, Eastland.

Oct. 4, 1979.

Rehearing Denied Nov. 15, 1979.

Frank L. Jennings, Jennings, Montgomery, Dies & Turner, Graham, for appellant.

John O. Jones, Dallas, for appellee.

RALEIGH BROWN, Justice.

Mercantile National Bank at Dallas, successor trustee of the Butler Trust, successor trust of the Al Rose LeSage Trust, sought collection of an indebtedness evidenced by three promissory notes, all dated in 1965, totaling $525,000 executed by J. A. Enterprises, Inc., payable to the Al Rose LeSage Trust. When the indebtedness originated, J. A. Enterprises, Inc., was a Texas Corporation and all its shares were owned by

Janis Ann Logan. After suit was filed, J. A. Enterprises merged with Acoustics, Inc., with Janis Ann Logan owning approximately 97% of its shares and the remaining shares being owned by David Logan, her former husband. Defendant's motion for summary judgment that the debt was barred by limitation was granted. Plaintiff's motion for summary judgment, contending that there was sufficient written acknowledgment of the debt within the applicable limitation period prior to the filing of the suit and that the amount due was liquidated and undisputed, was overruled. Mercantile National Bank appeals. We reverse and render.

■■■ Appellant urges that the trial court erred in granting appellee's motion for summary judgment because its cause of action is not barred by limitation, being based upon a sufficient written acknowledgment as provided in Tex.Rev.Civ.Stat. Ann. art. 5539 (1958). We agree.

The summary judgment proof establishes that J. A. Enterprises, Inc., executed three promissory notes due two years after date and payable to the Al Rose LeSage Trust. The notes were executed on the following dates and in the following amounts: April 26, 1965, for $150,000; June 18, 1965, for $150,000; and July 20, 1965, for $225,000. Three payments were made on the notes, evidenced by checks issued by the corporation payable to the trust on May 7, 1971, in the amount of $80,000; on August 24, 1971 in the amount of $97,700; and December 12, 1972, in the amount of $97,625.

This cause was filed December 5, 1974 without any attached exhibits describing the indebtedness as follows:

The defendant is indebted to the plaintiff as a result of funds loaned and advanced by the plaintiff to the defendant and not fully repaid. The balance of such indebtedness as of December 12, 1972, when the defendant made the last payment thereon, was Three Hundred Eighty-Three Thousand Two Hundred Twenty-Nine Dollars Ten Cents ($383,229.10). The defendant agreed to pay interest on such indebtedness at the rate of 5.5% per an-

num. The unpaid balance of such indebtedness as of December 12, 1974, will be Four Hundred Eleven Thousand Eight Hundred Seventy-One Dollars Eighty-One Cents ($411,871.81), consisting of principal in the amount of $249,675.00 and accrued interest in the amount of $162,196.81.

On October 27, 1977, plaintiff's first amended original petition was filed detailing the original indebtedness, evidenced by the three promissory notes executed in 1965, and the written acknowledgment thereof which appellant contends occurred in 1971 and 1972. The promissory notes and the documents and papers constituting the written acknowledgment were attached as exhibits to the amended petition.

Tex.Rev.Civ.Stat.Ann. art. 5539 (1958) provides:

When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby. (Act Feb. 5, 1841; G.L. vol. 2, p. 630).

If the acknowledgment of the debt subsequent to the running of limitations satisfies the requirement of Article 5539, appellee has failed in its summary judgment proof. *Oram v. General American Oil Company of Texas*, 513 S.W.2d 533 (Tex.1974).

The court in *Elsby v. Luna*, 15 S.W.2d 604 (Tex.Comm'n.App.1929, judgment adopted), discussing the matter of sufficiency of a written acknowledgment, said:

We understand the rule to be that, "This new promise need not be expressed in the writing, but may be implied from what is written." "An unqualified and unequivocal acknowledgment in writing on the part of the debtor, of the existence of the indebtedness, unaccompanied by expressions indicating an unwillingness to pay same, will raise the implication of a new promise to pay the indebtedness."

The proof established that W. G. Tudor, a certified public accountant, was an officer and director of J. A. Enterprises, Inc., from its inception until its merger with Acoustics, Inc. During this time, Tudor performed accounting services for the corporation, including the preparation of income tax returns and financial statements.

David Logan, the former husband of Janis Ann Logan at all material times to the events of the instant case, was an officer and director of J. A. Enterprises, Inc., and was active in the management of the corporation.

By letter of January 6, 1971, Tudor outlined to David Logan a procedure to follow in the sale of certain Albuquerque, New Mexico property and with the payment of the proceeds derived therefrom to the trust on the indebtedness with maximum income tax advantage to the corporation. He had made the statement in that letter that "J. A. Enterprises owes the trust money" and he made reference to "offsetting liabilities." A copy of this letter was furnished to R. S. LeSage, Trustee of the Butler Trust.

Acting on Tudor's recommendation, Logan, on behalf of the corporation, wrote LeSage on April 15, 1971, explaining in detail the procedure to be followed as to the sale of the Albuquerque property to appellant.

On April 22, 1971, LeSage wrote to J. A. Enterprises, to the attention of Logan, enclosing a deposit receipt evidencing the initial payment on the property and a note for the balance due. The letter directed Logan to forward a check to the Butler Trust in the amount of $80,000. A check in that amount was issued on May 7, 1971. This payment was credited against the indebtedness which is the subject of this suit as is evidenced by appellee's balance sheets. On April 1971, the first item under "Current Liabilities" on appellee's balance sheet is "Note Payable—Butler Trusts" in the amount of $525,000. The July 1971 balance sheet reflects that amount was reduced to $445,000, a reduction of $80,000.

On August 2, 1971, the second installment on the property was payable. J. A. Enterprises issued a check to the trust in the amount of $97,700 bearing the notation "Payment on account" on August 24, 1971. The corporation's balance sheet again reflects that the payment was credited against the indebtedness in question, reducing the amount due to $347,300, a reduction of $97,700.

At the end of November, 1972, the corporation's balance sheet showed an indebtedness to the trust in the amount of $347,300. In December 1972, a third payment was made on the property. Appellee issued a check on December 12, 1972, payable to appellant in the amount of $97,625. Appellee's balance sheet at the end of December showed a balance of the indebtedness to appellant to be $249,675, a reduction in the exact amount of the payment made that month.

The court in *Stein v. Hamman*, 118 Tex. 16, 6 S.W.2d 352 (Tex.Comm'n.App.1928, opinion adopted) said:

> The existence of the indebtedness being thus recognized, in the absence of anything to the contrary in the writing, the law implies a promise to pay the same precisely as a written mortgage to secure a debt carries with it such implication. In truth, it can make no difference where the writing occurs, if it meets the requirements of the statute and is sufficiently specific as to the debt renewed. Such writing may be given for the express purpose, or it may be contained in a letter, deed, or other instrument whatsoever.

In discussing what would constitute an acknowledgment under Tex.Rev.Civ.Stat. Ann. art. 5539 (1958), the court in *Trautmann Brothers Investment Corp. v. Del Mar Conservation District*, 440 S.W.2d 314 (Tex.Civ.App.—Waco 1969, writ ref'd n. r. e.) said:

> [T]hat the "two ingredients necessary to make an acknowledgment within the statute" are the acknowledgment of the antecedent debt and an expression of willingness to pay it.

The Supreme Court has since settled also the rules that (1) "An unqualified acknowledgment of an existing debt implies a promise to pay it." *Starr v. Ferguson*, 140 Tex. 80, 166 S.W.2d 130, 131; *Howard & Hume v. Windom*, 86 Tex. 560, 26 S.W. 483, 485. (2) From such a clear written acknowledgment that the debt is subsisting (absent evidence of intent to repudiate it) will be implied the promise to pay, notwithstanding there is no express promise. *Windom v. Howard*, 86 Tex. 560, 26 S.W. 483, 486; *York v. Hughes*, Tex.Com.App., 286 S.W. 165, 167; *McLendon Hardware Co. v. Jewett Lumber & Hardware Co.*, Tex.Civ.App., 157 S.W.2d 452, 453, writ ref. See *Hanley v. Oil Capital Broadcasting Ass'n*, 141 Tex. 243, 171 S.W.2d 864, 865.

The summary judgment proof establishes a clear written acknowledgment by appellee that the debt is subsisting. There is no proof of any intent to repudiate it, therefore, a promise to pay the debt is implied. This suit having been filed within four years after the written acknowledgment, the trial court erred in granting Acoustics, Inc.'s motion for summary judgment based on their only asserted defense of limitation.

Mercantile National Bank contends that the trial court erred in overruling its motion for summary judgment and failing to enter judgment for it against Acoustics, Inc. for the unpaid principal balance of the indebtedness together with interest thereon and attorney's fees.

The court in *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396 (1958), considering the matter where both parties filed motions for summary judgment and the trial court granted one and overruled the other, said:

[W]hen, as in this case, both parties file motions for summary judgment and one such motion is granted, then the trial court's judgment becomes final and appealable, and on appeal the Court of Civil Appeals should determine all questions presented. If reversible error is found, the court should render such judgment as the trial court should have rendered, Rule 434, . . .

Mercantile Bank's pleading was sufficient to constitute an action on the new promise, and its summary judgment proof authorized recovery, therefore, the court erred in denying its motion for summary judgment. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970); *Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company*, 391 S.W.2d 41 (Tex.1965).

The judgment of the trial court is reversed and rendered that Acoustics, Inc. take nothing and that Mercantile National Bank at Dallas, Trustee, have judgment against Acoustics, Inc. for the sum of $249,675 together with unpaid interest in the sum of $232,662.58, plus attorney's fees in the sum of $48,233.76, and interest at the rate of 9% per annum from October 2, 1978. Tex.Rev.Civ.Stat.Ann. art. 5069–1.05 (Supp. 1978).