132 F.3d 269
 32 Bankr.Ct.Dec. 21, 12 Tex.Bankr.Ct.Rep. 80
 In the Matter of: VINEYARD BAY DEVELOPMENT COMPANY, INC., Debtor.
Thomas N. KEARNS, Appellant,
v.
VINEYARD BAY DEVELOPMENT COMPANY, INC.; Alamo Title
Insurance; Bruce Liesman, Appellees.
 No. 97-50506
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 19, 1998.
 W.J. Sames, III, Corpus Christi, TX, for Appellant.
 Travis R. Phillips, Dolores Geraldine Hunkler, Phillips & Merica, Austin, TX, for Vineyard Bay Development Co., Inc.
 Carol C. Clark, G. Michael Lawrence, Austin, TX, for Alamo Title Ins. and Liesman.
 Appeal from the United States District Court for the Western District of Texas.
 Before JOLLY, BENAVIDES and PARKER, Circuit Judges.
 BENAVIDES, Circuit Judge:
 
 
 1
 Thomas Kearns appeals the district court's grant of summary judgment to Vineyard Bay Development Company, Inc. ("Vineyard Bay"), Alamo Title Insurance ("Alamo"), and Bruce Liesman.
 
 I.
 
 2
 Hugh Robertson, the president of Vineyard Bay, and his wife, Maureen, were personal friends of Thomas Kearns and his wife. Vineyard Bay borrowed $800,000 from Kearns and executed a promissory note made payable to Kearns in that amount. The note was secured by a deed of trust on certain properties that also secured debt owed to Alamo and Liesman by Vineyard Bay. The note matured on July 15, 1988, and Vineyard Bay had not repaid the debt as of that date. On January 15, 1989, Kearns and Vineyard Bay entered into a formal, written agreement extending the note's maturity date to July 15, 1989. Vineyard Bay did not repay the debt by the extended maturity date, and Kearns did not take legal action.
 
 
 3
 On October 31, 1994, Vineyard Bay filed a voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code. On February 9, 1995, Kearns filed an $840,000 proof of claim in Vineyard Bay's bankruptcy proceeding.[1] Vineyard Bay brought the adversary proceeding out of which this appeal arises, objecting to Kearns's proof of claim. Alamo and Liesman intervened as plaintiffs in the adversary proceeding. Appellees asserted that the statute of limitations bars Kearns's claim. Kearns in answer pleaded estoppel and acknowledgment. The bankruptcy court granted appellees' motions for summary judgment on limitations grounds.
 
 II.
 
 4
 As a preliminary matter, appellees urge this court to dismiss Kearns's appeal as moot because Kearns did not seek a stay of the bankruptcy proceedings pending appeal, and, they claim, there has been a substantial consummation of Vineyard Bay's bankruptcy plan. Although it is true that this court "may decline to consider the merits of a confirmation order when there has been substantial consummation of the plan such that effective judicial relief is no longer available," In re Manges, 29 F.3d 1034, 1039 (5th Cir.1994) (citations omitted), this equitable mootness doctrine is prudential rather than jurisdictional. Id. Because we conclude with little difficulty that the judgment of the district court should be affirmed, and no interference with the confirmed plan will result from our disposition of this appeal, we proceed to reach the merits.
 
 III.
 
 5
 Kearns does not dispute that, unless saved by an exception, his claim is barred by the statute of limitations governing a suit on a debt. Under Texas law, a suit on a debt that is not commenced within four years of the time that the cause of action accrues is barred. Tex. Civ. Prac. & Rem.Code § 16.004(a)(3). Texas law also provides, however, that limitations may be avoided by a written acknowledgment that meets certain prerequisites:
 
 
 6
 An acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible in evidence to defeat the law of limitations if made after the time the claim is due unless the acknowledgment is in writing and signed by the party to be charged.
 
 
 7
 Tex. Civ. Prac. & Rem.Code § 16.065. Under Texas law, an acknowledgment operates as a new obligation rather than merely as a revival of the prior debt. Allied Chem. Corp. v. Koonce, 548 S.W.2d 80, 81 (Tex.Civ.App.--Houston [1st Dist.] 1977, no writ).
 
 
 8
 An acknowledgment must "either evidence an express promise to pay the debt or an unequivocal acknowledgment of its justness from which it is said the law will imply a promise to pay it." Cotulla v. Urbahn, 104 Tex. 208, 135 S.W. 1159, 1162 (1911). Although the amount of the debt need not be specified in the acknowledgment, it must be "susceptible of ready ascertainment." House of Falcon, Inc. v. Gonzalez, 583 S.W.2d 902, 905 (Tex.Civ.App.--Corpus Christi 1979, no writ). Whether a writing is sufficient under Section 16.065 to constitute an acknowledgment upon which suit may be brought is a question of law. Martindale Mortg. Co. v. Crow, 161 S.W.2d 866, 870 (Tex.Civ.App.--El Paso 1941, writ ref'd w.o.m.).
 
 
 9
 In response to appellees' motions for summary judgment, Kearns relied on two letters that he claims "corroborate" the acknowledgment necessary to defeat the statute of limitations.
 
 
 10
 The first letter upon which Kearns relies was written by counsel for Vineyard Bay to Kearns's counsel. In that letter, counsel for Vineyard Bay takes the position that the statute of limitations has expired, but that Robertson has nevertheless "indicated ... a willingness to attempt to work with Mr. Kearns to accomplish a liquidation of the collateral which was posted to secure the obligation and provide for the payment of net proceeds of that collateral to Mr. Kearns." Kearns's claim that this letter constitutes an acknowledgment is without merit. Far from being an unequivocal acknowledgment of the justness of the debt, the letter expressly states, "The matters set forth herein are a general outline of a proposed resolution or settlement of a controversy and therefore are not to be deemed by way of admission, which they expressly are not."
 
 
 11
 The second letter upon which Kearns relies was written by Robertson to Kearns on November 1, 1994, the day after Vineyard Bay declared bankruptcy. The subject line of the letter read "Note Payable & Collateral." In the letter, Robertson represented that Vineyard Bay had been placed in bankruptcy "to protect your collateral and provide a reasonably prompt way to sell the lots with proceeds to go to you." He concluded by stating that he and his wife "genuinely appreciate your patience and are making every effort to expedite the largest repayment to you that we can muster." Whether this letter constitutes a sufficient acknowledgment is a closer question. Texas courts have held that similar writings were sufficient to constitute acknowledgments. See Healy v. Masters, 504 S.W.2d 594, 595-96 (Tex.Civ.App.--Fort Worth 1974, no writ); Friedman v. Worthy Fabrics, 347 S.W.2d 639, 640 (Tex.Civ.App.--El Paso 1960, no writ).
 
 
 12
 Assuming without deciding that the letter from Robertson to Kearns would otherwise be sufficient to defeat limitations under Texas law, federal bankruptcy law prevents such a result in this case. Robertson wrote the letter after Vineyard Bay filed for Chapter 11 bankruptcy. Under the Bankruptcy Code, a debtor cannot incur post-petition debt without court authorization following notice and a hearing. 11 U.S.C. § 364. Vineyard Bay did not obtain court authorization to make a new promise regarding the otherwise time-barred pre-petition debt to Kearns. In fact, Kearns himself appears to acknowledge that this letter alone, because it was written after Vineyard Bay declared bankruptcy, is insufficient to defeat limitations.
 
 
 13
 Finally, Kearns contends that even if the writings upon which he relies do not satisfy the requirements of Section 16.065, Vineyard Bay is nevertheless estopped from invoking limitations because Kearns relied to his detriment on oral representations by Hugh Robertson and his wife Maureen. We reject this contention. Texas law precludes an estoppel defense to limitations based upon oral representations. See Nassar v. Nelson, 112 S.W.2d 757, 760 (Tex.Civ.App.--San Antonio 1938, writ ref'd) (construing Article 5539, recodified as Tex. Civ. Prac. & Rem.Code § 16.065).
 
 IV.
 
 14
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The properties subject to the deed of trust were sold with the court's permission, and the proceeds of that sale are held in escrow