UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50384
Summary Calendar

_____

In The Matter Of: TEXAS HYDROGEN ENERGY CORPORATION, Debtor.

CLARENCE T. V. JOHNSON,

Defendant-Appellant,

versus

TEXAS HYDROGEN ENERGY CORPORATION; HYDROGEN ENERGY
CORPORATION,

Plaintiffs-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(MO-98-CV-140)

_____

November 1, 1999

Before HIGGINBOTHAM, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

At issue is the non-award of attorney's fees for a Texas declaratory judgment action removed to bankruptcy court, the fees being claimed under that Texas statute or for an alleged "bad faith" claim under FED. R. BANKR. P. 9011.

In April 1990, by promissory note, Clarence Johnson lent money to Texas Hydrogen Energy Corporation (THEC) and Hydrogen Energy Corporation (HEC). An action against the loan, secured by a deed of trust on an oil and gas lease, became time barred, at the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

latest, in October 1994. But, in 1996, the debt was acknowledged in writing by THEC and HEC without new consideration. In 1997, Johnson initiated foreclosure, which THEC and HEC contested in the state declaratory judgment action, challenging the validity of the debt.

Before the state court proceeding began, both corporations filed for Chapter 11 bankruptcy protection, removed the case to bankruptcy court, and challenged the debt acknowledgment as a fraudulent transfer or invalid preference. During the course of the bankruptcy proceeding, our court decided *In Re Vineyard Bay Development Co., Inc.*, 132 F.3d 269 (5th Cir. 1998), establishing, under Texas law, the validity of the acknowledgment. *Id.* at 271.

The bankruptcy court held the debt was valid; the acknowledgment was neither a fraudulent transfer nor invalid preference; denied the declaratory judgment request; did *not* grant Johnson a declaratory judgment; and made the parties responsible for their own costs and attorney's fees. On reconsideration, the bankruptcy court acknowledged that Johnson could seek attorney's fees under the Texas statute, but denied them. In a comprehensive and well-reasoned opinion, the district court affirmed.

For essentially the reasons stated in the district court's opinion, the bankruptcy court did *not* abuse its discretion in denying attorney's fees.

Johnson also contends that he should be awarded such fees under FED. R. BANKR. P. 9011, claiming that the state action was brought in "bad faith". The bankruptcy court found otherwise.

Again, for essentially the reasons stated in the district court's opinion, this factual finding is not clearly erroneous.

**AFFIRMED**