**F I L E D**

**IN THE UNITED STATES COURT OF APPEALS**

**July 1, 2004**

**FOR THE FIFTH CIRCUIT**

No. 03-11147
Summary Calendar

C&W ASSET ACQUISITION LLC,

Plaintiff-Appellant,

versus

DONALD KNOX,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas, Amarillo Division
(2:02-CV-351)

Before SMITH, DEMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff C&W Asset Acquisition, LLC ("C&W") appeals the district court's grant of summary

judgment, *sua sponte*, in favor of defendant Donald Knox ("Knox"), finding no genuine issue of

material fact that C&W's action to collect on a matured promissory note was time-barred.

Specifically, the district court held that C&W, as an assignee of the Federal Deposit Insurance

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Corporation ("FDIC"), cannot benefit from the tolling provision in 28 U.S.C. § 2415 for partial payments made after an assignment. For the reasons that follow, we affirm.

FACTUAL AND PROCEDURAL HISTORY

The following facts are undisputed. Knox executed a promissory note in the principal amount of $125,000.00 and a second promissory note in the principal amount of $27, 281.00. Both notes were payable to the First State Bank of Vega, Texas. First State Bank was declared insolvent, and the FDIC commenced receivership of the bank on April 1, 1993. The notes matured on May 31, 1993, and July 15, 1993, respectively, while in the hands of the FDIC. The FDIC sold the notes on August 4, 1994. On July 27, 1999, the notes were ultimately acquired by C&W through a series of assignments from the FDIC.

On October 15, 2002, C&W filed this action against Knox to recover on the amounts due on both promissory notes. C&W moved the district court for summary judgment on the notes sued upon and Knox defended on the basis that the suit was barred by the statute of limitations and laches. On August 25, 2003, the district court denied C&W's motion for summary judgment. At the same time, without prior notice to the parties, the district court *sua sponte* granted summary judgment in favor of Knox.

C&W moved the district court for a new trial on the grounds that the district court erred in failing to notify C&W of the district court's intent to grant summary judgment *sua sponte* and that the issue fully briefed on C&W's motion for summary judgment was not dispositive of the entire case. With its motion for a new trial, C&W proffered evidence which it alleged constituted a reaffirmation agreement. The district court denied the motion, and C&W timely appealed.

2

APPELLATE JURISDICTION

As an initial matter, we reject Knox's contention that the failure of C&W's notice of appeal to identify the district court's denial of its motion for a new trial, results in our lacking appellate jurisdiction. Generally, a notice of appeal "shall designate the judgment, order, or part thereof appealed from." Fed. R. App. P. 3(c) (2004). However, a policy of liberal construction of notices of appeals prevails in situations where the intent to appeal an unmentioned or unlabeled ruling is apparent and there is no prejudice to the adverse party. In re Hinsley, 201 F.3d 638, 641 (5th Cir. 2000). The intent to appeal must be clear, or the appeal must involve issues inextricably entwined with issues that have been properly raised. NCNB Tex. Nat'l Bank v. Johnson, 11 F.3d 1260, 1269 (5th Cir. 1994). When the appellant "notices the appeal of a specified judgment only or a part thereof, this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal." Warfield v. Fidelity and Deposit Co., 904 F.2d 322, 325 (5th Cir. 1990).

C&W's notice of appeal was both clear and inextricably entwined with the merits. The record shows that C&W filed their motion for a new trial under Rule 59(a). Our court has previously reasoned that an appeal of the denial of a Rule 59(a) motion for a new trial is not separately appealable because "[the motion] merely restates the attack on the merits of the final judgment." Government Fin. Servs. One Ltd. Partnership v. Peyton Place, 62 F.3d 767, 774 (5th Cir. 1995). Thus, in the context of Rule 59(a), unless a new matter arises after entry of judgment, "it is from the final judgment that the appeal should be taken." Id. We first recognize that C&W is not appealing a new matter arising after the entry of judgment, which would be cognizable under Rule 60(b). Instead, C&W's appeal from the district court's denial of summary judgment, as well as its motion

3

for a new trial, are based on pre-judgment errors. Therefore, we must find C&W's appeal of the district court's denial of summary judgment is inextricably entwined with the district court's order denying a Rule 59(a) motion. Moreover, C&W's notice of appeal expressly referenced an appealable "judgment" by the district court. Because the notice of appeal does not expressly mention a single part of the order, there is an inference that C&W had the intent to appeal from the order as a whole. Finding no prejudice to Knox, we therefore have jurisdiction to review the question of the district court's *sua sponte* grant of summary judgment.

## STANDARD OF REVIEW

This court reviews the grant of summary judgment de novo. Flock v. Scripto-Tokai Corp., 319 F.3d 231, 236 (5th Cir. 2003). A summary judgment motion is properly granted only when, viewing the evidence in the light most favorable to the nonmovant, the record indicates that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). We draw all inferences in the light most favorable to the nonmovant. Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001).

## DISCUSSION

On appeal, C&W argues that the district court erred in granting summary judgment without notice to the parties of its intent, and such error was not harmless. C&W also argues that the district court erred in concluding that § 2415 does not extend the statute of limitations when a debtor makes partial payments following an assignment of the promissory note once owned by the FDIC. We address each in turn.

4

I.      Failure to Provide Notice

C&W moved for summary judgment against Knox. In response, Knox filed a sur-reply, but did not file a cross-motion for summary judgment. The district court granted summary judgment, *sua sponte*, in favor of Knox without giving the required ten-day notice of its intent to the parties. This was error.

A district court may grant summary judgment, *sua sponte*, but [the district court] must provide adequate notice and an opportunity to respond akin to that required by FED. R. CIV. P. 56(c). Mannesman Demag Corp. v. M/V Concert Express, 225 F.3d 587, 595 (5th Cir. 2000). If the court fails to provide such notice, we will reverse the grant unless the error is harmless. Id. The failure to provide notice is harmless error "when the nonmovant has *no* additional evidence *or* if all of the nonmovant's additional evidence is reviewed by the appellate court and none of the evidence presents a genuine issue of material fact." Love v. Nat'l Med. Enters, 230 F.3d 765, 771, *reh'g en banc denied*, 239 F.3d 367 (5th Cir. 2000). For the following reasons, we find the district court's error harmless.

C&W contends that the district court's error precluded C&W from tendering evidence that would demonstrate that Knox reaffirmed or acknowledged his obligation. C&W asserts two arguments alleging that Knox acknowledged his debt. C&W first asserts that Knox acknowledged his obligation in August 1996, by a writing which refers to the "debt I owe you." C&W also asserts that Knox's submission of a financial statement on March 10, 1999, constituted a reaffirmation of his obligation and that Knox's partial payment of a debt constitutes an acknowledgment. Based on these two acknowledgments and the partial payment, C&W contends that a genuine issue of material fact

5

exists as to whether Knox acknowledged his obligation within four years of the date this action commenced.  We cannot agree.

Assuming the August 1996 writing is an acknowledgment, C&W's claim is barred by the statute of limitations.  Under Texas law, a suit on a debt that is not commenced within four years of the time that the cause of action accrues is barred.  In re Vineyard Bay Development Co., Inc., 132 F.3d 269, 271 (5th Cir. 1998); see also Tex. Civ. Prac. & Rem. Code § 16.004(a)(3).  Texas law also provides, however, that limitations may be avoided by a written acknowledgment under certain constraints:

> An acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible in evidence to defeat the law of limitations if made after the time the claim is due unless the acknowledgment is in writing and signed by the party to be charged.

Tex. Civ. Prac. & Rem. Code § 16.065.  An acknowledgment under Texas law must:  (1) be in writing and signed by the party to be charged; (2) contain an unequivocal acknowledgment of the justness or the existence of the particular obligation; and (3) refer to the obligation and express a willingness to honor that obligation.  Stine v. Stewart, 80 S.W.3d 586, 591 (Tex. 2002).  Under Texas law, an acknowledgment operates as a new obligation rather than merely as a revival of prior debt.  In re Vineyard, 132 F.3d at 271.

As applied here, assuming the August 1996 letter is an acknowledgment of a new obligation, the four-year statute of limitations began running in August 1996.  Because C&W commenced this action on October 15, 2002, two years after the statute of limitations expired, thus the cause of action on the obligation is time barred.

6

The March 10, 1999, financial statement is a conditional agreement whose condition has not been triggered. Under Texas law, "[i]f the expression of a willingness to pay is coupled with conditions, it devolves upon the plaintiff to prove that the named conditions have taken place." Luck v. Riggs Optical Co. Consolidated, 149 S.W.2d 204, 206 (Tex. Civ. App. — Fort Worth 1941). The preamble to the March 10, 1999, financial statement which states a purpose "of procuring credit from time to time . . ." does not qualify as an acknowledgment. For the condition that triggers a payment obligation to occur, C&W must demonstrate that Knox received credit from their company. The record does not show that C&W or its predecessors extended credit to Knox, thus no genuine issue of material fact exists to show that the financial statement of March 10, 1999, is an acknowledgment of debt. Moreover, there is no showing of an unequivocal intent by Knox to pay the alleged obligation. The financial statement has no explicit or implicit expression of a willingness to pay the obligation; at most, the financial document is merely information provided to a potential lender.

We are not persuaded by C&W's reliance on Mercantile Nat'l Bank at Dallas v. Acoustics, Inc., 589 S.W.2d 773 (Tex. App. — Eastland 1979) to support its acknowledgment argument. In Mercantile, the court held that an unqualified acknowledgment of an existing debt implies a promise to pay, and as a corollary, from any written acknowledgment that the debt is subsisting will be implied a promise to pay the debt notwithstanding an express promise. Id. at 775-76. In its analysis, the Mercantile court determined that the debtor's listing of certain notes payable as liabilities on its balance sheets constituted an acknowledgment. Id. In the case sub judice, the current facts are distinguishable from Mercantile. Here, the financial statements were conditioned upon the extension of credit, whereas in Mercantile there were no conditions contained in the balanced sheets. Thus, we do not find Mercantile to be controlling.

7

Furthermore, we reject C&W's partial payment argument; it is well-established under Texas law that partial payment of a debt does not constitute an acknowledgment. See Gabriel v. Alhabbal, 618 S.W.2d 894, 897 (Tex. Civ. App. — Houston [1st Dist.] 1981). Reference to account numbers does not change this result. See Stine, 80 S.W.3d at 591.

For the aforementioned reasons, C&W has not shown a genuine issue of material fact to demonstrate that Knox acknowledged his debt, and therefore, we find the district court's denial of notice to be harmless error.

## II.    Tolling Provision

C&W also argues that as an assignee of the FDIC it is entitled to benefit from the tolling provision in 28 U.S.C. § 2415 for partial payments made after the assignment. After a careful and complete review of the arguments and the record we must reject C&W's challenge. For the reasons thoroughly addressed by the district court, we affirm.

## CONCLUSION

For the aforementioned reasons, we affirm the district court's *sua sponte* grant of summary judgment.

AFFIRM.

8