**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 18-10663

United States Court of Appeals
Fifth Circuit

**FILED**
October 21, 2019

Lyle W. Cayce
Clerk

In the Matter of :   RUBY RAMOS

 Debtor


MOJTABA BONAKDAR,

          Appellant

v.

RUBY RAMOS,

          Appellee


Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-1002


Before CLEMENT, GRAVES, and OLDHAM, Circuit Judges.

PER CURIAM:*

This is an appeal from an adversary proceeding in bankruptcy court. Debtor-Plaintiff-Appellee Ruby Ramos filed this action to determine the validity of Creditor-Defendant-Appellant Mojtaba Bonakdar's lien on her

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10663

home. Ramos asserted the lien was no longer valid because the statute of limitations had run on the loan. Bonakdar responded by alleging Ramos had acknowledged the loan when she continued to make monthly payments after the loan matured and therefore the lien was not invalidated. After holding a trial, the bankruptcy court entered a declaratory judgment finding Bonakdar had not sufficiently proved acknowledgment and therefore the lien was void due to limitations. The district court affirmed, and Bonakdar appealed. We affirm.

## I. BACKGROUND

In May 2009, Ramos and her husband executed a Real Estate Lien Note (the "Note") relating to property in Arlington, Texas. Bonakdar was the holder of the Note, which was secured by a vendor's lien and deed of trust on the property. The Note required the Ramoses to pay 36 monthly installments of $799.94 until the Note matured on May 1, 2012, at which time the Ramoses would become responsible for a balloon payment of the full remaining balance. May 1, 2012 came and went, and Ramos did not pay the remaining balance.[1] However, she did keep making monthly payments. In March 2017, Bonakdar attempted to foreclose on the property, and Ramos filed a petition for voluntary bankruptcy. Two months after filing her bankruptcy petition, Ramos filed an adversary proceeding against Bonakdar to determine the validity of any liens against the property. Ramos specifically contested Bonakdar's Note, stating that because the Note matured on May 1, 2012, the four-year statute of limitations had run and Bonakdar's lien was now void under Texas law. Bonakdar responded by asserting acknowledgement as an affirmative defense,

---

[1] In or around 2010, Ramos and her husband informally separated. Sometime thereafter, Ramos' husband executed a deed gifting her any rights he held in the property. Only Ramos now lives at the property.

arguing that Ramos' requested relief was barred because she had acknowledged the secured debt.

The bankruptcy court held a trial on Ramos' complaint and determined that acknowledgement was its own cause of action that should have been pleaded as a counterclaim rather than as an affirmative defense. The bankruptcy court then determined that even if Bonakdar had properly pleaded his acknowledgement claim, he had not established the elements for acknowledgement. At trial, Bonakdar had submitted several money orders paid to him by Ramos. However, the bankruptcy court found that the money orders did not unequivocally refer to the Note because they did not make reference to interest or a loan number, nor did they match up to the payments on the Note. These inconsistencies also made it difficult to ascertain the amount owed at the time of alleged acknowledgment. While Bonakdar had introduced an amortization schedule in an effort to show that the amount due could be readily ascertained, the amounts listed on the schedule did not match the payments from Ramos or the payments listed on the Note. Based on the above evidence, the bankruptcy court found that "judgment must be entered for [Ramos]."

Bonakdar appealed to the district court, which affirmed the decision of the bankruptcy court. On appeal to this court, Bonakdar raises two issues. He first contests the bankruptcy court's determination that he should have pleaded acknowledgement as a counterclaim rather than as an affirmative defense. He also contends that the bankruptcy court incorrectly interpreted the proffered money orders, which he alleges show the three requirements of acknowledgement: a signed writing, unequivocal acknowledgement of the debt, and a willingness to honor that obligation.

3

No. 18-10663

## II. STANDARD OF REVIEW

We review the district court's decision on a bankruptcy appeal "by applying the same standard of review to the bankruptcy court's conclusions of law and findings of fact that the district court applied." *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005) (citing *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 387 (5th Cir. 2001)). "Accordingly, we review the bankruptcy court's legal conclusions de novo and its findings of fact for clear error." *Id.* (citing *In re Coho Energy, Inc.*, 395 F.3d 198, 204 (5th Cir. 2004)).

## III. DISCUSSION

### A. Applicable Law

"Under Texas law, a suit on a debt that is not commenced within four years of the time that the cause of action accrues is barred." *Matter of Vineyard Bay Dev. Co., Inc.*, 132 F.3d 269, 271 (5th Cir. 1998) (citing Tex. Civ. Prac. & Rem. Code § 16.004(a)(3)). "Texas law also provides, however, that limitations may be avoided by a written acknowledgment that meets certain prerequisites." *Id.* To show that an agreement acknowledges a debt, the Civil Practices & Remedies Code provides:

> An acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible in evidence to defeat the law of limitations if made after the time that the claim is due unless the acknowledgment is in writing and is signed by the party to be charged.

*Stine v. Stewart*, 80 S.W.3d 586, 591 (Tex. 2002) (quoting Tex. Civ. Prac. & Rem. Code § 16.065). "Texas courts have consistently interpreted this statute to require that an agreement: 1) be in writing and signed by the party to be charged; 2) contain an unequivocal acknowledgment of the justness or the existence of the particular obligation; and 3) refer to the obligation and express a willingness to honor that obligation." *Id.* (collecting cases). "Additionally, the amount of the obligation the acknowledgment describes must be 'susceptible of

ready ascertainment.'" *Id.* at 591–92 (quoting *Stefek v. Helvey*, 601 S.W.2d 168, 171 (Tex. Civ. App. 1980)). "If an agreement meets these acknowledgment requirements, a party may sue for breach of that agreement." *Id.* at 592.

## B. Analysis

The bankruptcy court's decision in Ramos' favor rested, in part, on Bonakdar's failure to show that "the amount of the obligation purportedly acknowledged could not be readily ascertained." *See In re Ramos*, 4:17-CV-1002, 2018 WL 2103218, at *3 (N.D. Tex. May 4, 2018). Bonakdar, despite being on notice of the need to address this argument, failed to do so.[2] The argument is therefore forfeited. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its initial brief on appeal."); *Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983) ("Claims not pressed on appeal are deemed abandoned."). Given the Texas law described above, Bonakdar's forfeiture is fatal to his claim.

Because Bonakdar has not shown the bankruptcy court erred in concluding he failed to meet the elements of acknowledgment, we do not reach his argument that the bankruptcy court erred in determining that acknowledgment cannot be pleaded as an affirmative defense.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[2] In one sentence of his brief, Bonakdar acknowledges that Texas law incorporates a requirement of ready ascertainability. That passing reference is insufficient to preserve an argument. *See United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010) ("At the very least, [pressing a claim on appeal] means clearly identifying a theory as a proposed basis for deciding the case—merely intimating an argument is not the same as pressing it." (cleaned up)). "[A]mong other requirements to properly raise an argument, a party must ordinarily identify the relevant legal standards and any relevant Fifth Circuit cases." *Id.* (cleaned up); *see also* Fed. R. App. P. 28(a)(8)(A) (stating that briefs must include "contentions and the reasons for them, with citations to the authorities . . . on which the appellant relies.").